[No. 1418.  Decided April 16, 1895.]

CHARLES FRANK *et al.*, *Respondents*, v. WILL D. JEN-
KINS *et al.*, *Appellants.*

VENDOR AND PURCHASER — BOND AGAINST LIENS — CONSIDERATION —
LIEN OF FORECLOSURE JUDGMENT — ACTION ON BOND — NECESSITY
OF EVICTION — PLEADING — REPLY — JUDICIAL COMMENT.

Where a vendor of real estate has deeded same with covenants of
general warranty, a bond given by him to protect the purchaser
against the lien of a judgment thereon is based upon a valid consid-
eration.

Under § 1677, Gen. Stat., and §§ 627–629, Code Proc., a decree fore-
closing a mechanic's lien upon real estate creates a judgment lien
upon the premises as against subsequent purchasers without the
filing in the office of the county auditor of a notice of *lis pendens*, or
of a transcript of the judgment.

Under § 519, Code Proc., entitling the purchaser at an execution
sale of real property to possession and to the rents and profits from
date of the sale, such execution sale, although no eviction has in
fact occurred, is sufficient to warrant the commencement of an action
by a vendee for breach of warranty.

Where a bond, given by a vendor to a purchaser of real estate, is
conditioned to pay a certain judgment in case it is not reversed, the
obligee may maintain action thereon prior to an execution sale of
the premises or an eviction therefrom.

Where the allegations of a complaint in an action upon a bond
sufficiently set forth that it was founded on a good consideration, an
averment in the answer that "the bond was wholly and absolutely

without any consideration," amounts merely to a denial, and not to new matter requiring a reply.

An instruction to the jury that a judgment became a lien and incumbrance upon certain property, being upon a question of law, is not open to the objection of being a judicial comment on the facts in violation of the constitutional prohibition.

*Appeal from Superior Court, Whatcom County.*

*Dorr, Hadley & Hadley,* for appellants.

*S. A. Callvert,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This action was brought by respondents in the superior court for Whatcom county, to recover on a bond executed by the appellants to respondents for the sum of $500. The complaint alleges, in substance, that on the 13th day of February, 1892, appellant Will D. Jenkins was the owner of a certain lot in the city of New Whatcom, and that on that day an action was pending in the superior court for said county, brought by Whittier, Fuller & Co. against the appellant Jenkins, for the purpose of foreclosing a mechanic's lien against the lot in question; and that on said date a judgment and decree of foreclosure was made and entered against the said lot and the building situated thereon, establishing said lien in the sum of $393.15. That thereafter, on the 25th day of August, 1892, appellant Jenkins, for the consideration of $6,500, sold and conveyed said lot to the respondents by deed of general warranty. That, at the time of said sale, the lien of said judgment and decree of foreclosure against said lot remained wholly unsatisfied, and the cause in which it was rendered was at that time pending upon appeal to the supreme court of the state.

The bond upon which this suit is based recites that:

"Whereas, the above bounden Will D. Jenkins has

sold and conveyed to the above named [respondents]; [here follows description of the property] and whereas, there is now pending a suit for the foreclosure of a mechanic's lien; in which action Whittier, Fuller & Co., a corporation, is plaintiff, and Will D. Jenkins is defendant: Now, therefore, if the above bounden Will D. Jenkins shall well and truly pay, or cause to be paid, any judgment which may be rendered against the said (Jenkins) by the supreme court, in case an appeal is perfected, or the judgment now pending in the superior court in case said cause is not reversed, and shall hold the above purchaser harmless from any lien upon the said premises growing out of the said lien in any manner whatever; then the obligation to be void," etc.

The complaint further alleges that by reason of appellant's failure to perfect his appeal from the said decree of foreclosure, his appeal was thereafter dismissed and the judgment of the superior court affirmed with costs.   That thereafter, pursuant to execution directing the sale of said premises and notice of sale as required by law, the sheriff proceeded to satisfy the said judgment and decree by a sale of said premises to one D. E. Tuck, who became the purchaser thereof, paying the full amount of such judgment and costs; and that thereupon a certificate of purchase issued to the purchaser.   That the appellants failed and neglected to pay or satisfy said judgment and decree, or to hold the respondents harmless; and, though requested so to do, failed, refused and neglected to discharge the lien of said judgment against the said premises.

Appellants filed a general demurrer to the complaint, which was overruled and an exception preserved.   In their separate answers thereafter filed they admit the execution of the bond; admit that the judgment remained unpaid and unsatisfied at the times mentioned in the complaint; deny that the judgment was ever a lien upon the real estate mentioned; admit that execu-

tion was issued and levied upon the real estate and the same sold by the sheriff to said Tuck; admit that appellant Jenkins had not performed the conditions prescribed in the bond; but deny that by reason of his failure and neglect any breach had occurred to the damage of respondents; and deny that the respondents have been deprived of the title of the real estate by reason of the non-payment of the judgment, or that they have been damaged; and allege affirmatively, "that the same [the bond] was wholly and absolutely without any consideration whatever moving between this defendant and any of the parties to said paper writing; that no benefits, advantages or consideration of any nature whatsoever accrued to any of the parties to said writing. and the same was wholly without consideration."

There was a verdict for respondents in the sum of $484.24, and a motion for a new trial having been overruled, judgment was entered upon said verdict, from which judgment this appeal is prosecuted.

The appellants contend: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) That the allegation of no consideration, set up in the answer, is an allegation of new matter constituting a defense, and that it is admitted by respondents' failure to reply; (3) That there is a fatal variance between the cause of action set out in the complaint and the case made by the evidence on trial; (4) That the court erred in its charge to the jury, and in refusing to charge as requested by appellants; and (5) That the verdict is contrary to law and the evidence in the case.

Appellants insist that the complaint does not aver or show any consideration for the bond sued on; that it does not appear that the judgment of Whittier,

Fuller & Co., ever became a lien against the land purchased by respondents from appellant Jenkins, or that it was at any time a legal incumbrance upon it; that the bond sued upon was one of indemnity; that respondents had not suffered any loss of title or possession at the time of the commencement of their action.

Considering these objections in the order in which they have been stated, we think that the complaint sufficiently sets forth a consideration supporting the bond. An ample consideration for its execution is recited in the bond, and the allegations of the complaint, taken as a whole, are sufficient to support it. To protect the respondents (the purchasers), against the lien of the judgment, and in harmony with appellants' covenants of warranty, it was entirely competent for the parties to enter into this bond.

The second objection, viz., that the judgment is not a lien, is predicated upon the assumption that it was necessary for Whittier, Fuller & Co. to file with the auditor a notice of *lis pendens* to carry their lien forward pending proceedings to foreclose, and thereafter to cause a transcript of judgment to be filed in the office of the auditor of the county, pursuant to the provisions of the statute, and that inasmuch as neither of these steps was taken prior to the sale of the land by appellant to respondents and the execution of said bond, said judgment created no lien against the premises, and as the respondents were not parties to the judgment they could suffer nothing by reason of it; that they could have no interest in the judgment unless it became a lien upon the land which they had bought. We do not think the objection tenable. Here was a decree which subjected specific real estate to the payment of a sum certain. The existence of the decree was known to the respondents (purchasers). The

object of requiring a transcript of judgment to be filed with the auditor is to afford notice to parties thereafter dealing with the real estate of the judgment debtor, and we think the statute authorizing such filing is applicable only to ordinary judgments for the recovery of money only, and not to judgments foreclosing liens already upon the property.

The statute governing mechanic's liens provides that "the liens provided for in this chapter may be enforced in a civil action in the same manner, and under the same proceedings, as govern in the foreclosure of a mortgage on real estate." Sec. 1677, General Statutes. Sec. 627 of the Code of Procedure, on the subject of mortgage foreclosures, provides that "in rendering judgment of foreclosure, the court *shall order the mortgaged premises*, or so much thereof as may be necessary, *to be sold to satisfy.the mortgage and costs of the action.*" Sec. 628 authorizes the entry of a judgment for the deficiency remaining unsatisfied after a sale of the mortgaged premises, and § 629 provides that such deficiency judgment shall be "similar in all respects to other judgments for the recovery of money, and may be made a *lien* upon the property of a judgment debtor, as other judgments, and the collection thereof enforced in the same manner."

But, aside from this view of the effect of the decree as creating a lien upon the premises without a transcript being filed in the office of the auditor, we think that the constructive notice that such a record imports (where a transcript is so filed) does not forbid the existence of actual notice, and that the statute which authorizes such a record is neither restrictive nor exclusive.

The last ground of objection to the complaint is equally untenable. It proceeds upon the theory that

respondents could not maintain their action upon the bond until they were actually dispossessed, and that no eviction occurred in fact prior to the commencement of this action. It is sufficient answer to this objection that the statute governing sales of real property upon execution entitles the purchaser to possession and to the rents and profits arising from and after the date of sale. Sec. 519, Code Proc. *Hardy v. Herriott, ante,* p. 460.

Nor do we think that respondents were obliged to await sale or eviction before action would lie upon the bond. Undoubtedly the rule is, that covenants in a deed, of quiet possession and warranty of title, are not broken until eviction, but here the bond was conditioned to pay the judgment of the superior court " in case said cause is not reversed," etc. It was something more than a mere agreement to indemnify and save harmless against the consequences of another's default. 2 Sedgwick, Damages ( 8th ed.), §§ 786–789, inclusive.

We do not think that the allegation of " no consideration," set forth in the answer, amounts to a statement of new matter requiring a reply under § 215, Code Proc. The averment " that the [bond] was wholly and absolutely without any consideration," etc., amounts merely to a denial. The allegations of the complaint which show the circumstances attending its execution are sufficient to show a good consideration, and plaintiffs were not called upon to repeat them in the form of a reply.

*Third:* There was no variance between the cause of action set out in the complaint and the evidence offered in support of it upon the trial. We think the theory upon which respondents recovered in this cause was very fully and fairly set forth in their pleading. To obviate the objection which is here made respond-

ents would have been required to set out in their complaint a statement of the evidence upon which they expected to rely, something which they were not called upon to do.

*Fourth:* As we have seen, the judgment and decree created a lien and incumbrance upon the premises. The court in effect so instructed the jury. The question became one of law, and no error was committed in so instructing. Nor do we think that the court erred in refusing to charge the jury as requested by the appellants. The requests for charges were predicated upon the theory that there was no consideration for the bond and that the judgment was not a lien, and involve no new question for our consideration. What has already been said in this opinion concerning the sufficiency of the complaint disposes of this assignment. We do not think that there was anything in the pleadings or evidence which would have warranted the court in giving instruction No. 4 asked by appellants, and its refusal so to charge constituted no error.

*Fifth:* We have given the record careful examination, and it appears to us that the verdict is not only justified by the evidence, but that any other than that actually reached would have been unwarranted.

Perceiving no error in the record, the judgment appealed from is affirmed.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.