HANKS & McGUIRE v. BARRON BROS.

(*Knoxville.* September 14, 1895.)

1. CONTRACT. *Nudum pactum.*

A bond is *nudum pactum* whose sole purpose and consideration is to indemnify the obligee for the performance of his own legal obligation. (*Post, pp. 275–278.*)

2. SAME. *Same.*

A bond is *nudum pactum* whose sole consideration is a payment made by the obligee to a third person in discharge of an existing legal obligation. (*Post, pp. 278, 279.*)

---

FROM ROANE.

---

Appeal from Chancery Court of Roane County. HENRY R. GIBSON, Ch.

OTTO FISHER for Hanks & McGuire.

TEMPLETON & CATES, E. E. YOUNG, and H. P. STEPHENS for Barron Bros.

CALDWELL, J. This action, to recover money upon a private bond, was brought in the Chancery Court of Roane County. The Chancellor granted the relief sought, rendering a decree in favor of the complainants and against the defendants for $146.09

and interest, in all $152.17. On appeal, the Court of Chancery Appeals reversed that decree, and dismissed the bill, upon the ground that the bond sued upon was executed without consideration.

Hanks & McGuire contracted with Jacobs to build them a house, at Harriman, at the cost of $830. After paying him $475.25 upon his contract, they learned that he was indebted to subcontractors, on account of the building, in the sum of $607.03, which was largely in excess of the balance of $354.75 due to him; and that those subcontractors were claiming liens upon the property for the full amounts due them respectively. Upon receiving this information, Hanks & McGuire offered to pay the subcontractors, *pro rata*, the balance due to Jacobs, on condition that such payment should be received in extinguishment of all subcontractors' liens claimed upon the property. The offer was refused, and, by agreement between Hanks & McGuire on the one part and Barron Bros. and Doane, two of the subcontractors, on the other part, Hanks & McGuire, the owners, paid to Jacobs, the contractor, $183.04, the full sum due to Barron Bros. and Doane, and the same was by Jacobs paid to them in full satisfaction of their claims. This left only $171.17 due from the owners to Jacobs, the same being much less than his indebtedness to the other subcontractors. Leming & Co. had a just claim, for materials furnished to the amount of $317.80. None of the subcontractors had yet perfected or matured

their liens upon the property by giving the statutory notice, but all of them had ample time in which to give that notice.

"In consideration of" the payment of the $183.04 by the owners to the contractor, and of his payment of the same to Barron Bros. and Doane, they (Barron Bros. and Doane), executed a bond, in terms obligating themselves to hold the owners, Hanks & McGuire, "harmless as against any lien of said Leming & Co." for any sum in excess of the $171.71, balance due from the owners to the contractor. Upon tender being made them, Leming & Co. refused to accept the $171.71 in satisfaction of their claim, and, in due time, by bill in equity, enforced their lien against the property for the whole of their $317.80 claim. After that, the owners brought this suit upon the bond executed to them by Barron Bros. and Doane, with the result already stated.

We agree with the Court of Chancery Appeals that the bond in suit is without consideration, and, consequently, not enforcible.

*First.*—For the reason given by that Court, viz.: That the defendants, Barron Bros. and Doane, the principal obligors, had liens, as subcontractors, upon the property of complainants for the aggregate sum of $183.04 at the time the bond was executed, and that the complainants, in making provision for the payment of that sum, did no more than was necessary to extinguish those liens and prevent the sale

of their property. It is true, as urged for complainants against that view, that those liens had not been matured or perfected by giving the statutory notice of an intention to claim them, but that is an unimportant circumstance in this case. The liens began the moment those defendants commenced work upon the house (*Green* v. *Williams*, 92 Tenn., 225; *Bassett* v. *Bartorelli*, *Ib.*, 558; *Cole Manufacturing Co.* v. *Falls*, *Ib.*, 609), and the complainants were powerless to avoid them. The defendants were demanding their money, upon the strength of their liens, with ample time before them to give the requisite notice. Nothing stood in the way of their giving the notice and enforcing their liens by a sale of the property, and that speedily. The liens were already absolute and fixed in such sense that the complainants could do nothing short of payment, or its equivalent, to extinguish or impair them, and in such sense that the claimants had only to pursue plain legal remedies to subject the property. Resort to those remedies did not become necessary.

*Secondly.*—Without reference to the question of liens, the decree of the Court of Chancery Appeals is right, and should be affirmed, for another reason. The complainants were indebted to Jacobs in the sum of $354.75, and he was indebted to the defendants, Barron Bros. and Doane, in the sum of $183.04. The complainants agreed to pay Jacobs $183.04 of what they owed him, and he, in turn, agreed to pay the same to Barron Bros. and Doane

in satisfaction of what he owed them; and, in consideration of those agreements, Barron Bros. and Doane undertook to hold the complainants harmless in another matter. In other words, the complainants were legally bound to pay Jacobs, and Jacobs was legally bound to pay Barron Bros. and Doane; and, in consideration of the other parties doing what they were already legally bound to do, Barron Bros. and Doane executed the bond sued on in this cause.

The performance of an existing legal obligation, without more, by one person affords no consideration in law for an original undertaking by another person. Hence, the bond before us is supported by no consideration, and, as a consequence, cannot be enforced.

It is well to observe, in conclusion, that this bond was not authorized by, or executed under, Section 3, Chapter 103, of the Acts of 1889. The bond there contemplated and provided for is to be given by "the original contractor."

Affirmed.