[No. 2675. Decided November 24, 1897.]

*In the Matter of the Estate of Andrew J. Smith, Deceased :* JAMES BREWER, *Executor, Appellant,* v. LUCY OBERG *et al., Respondents.*

EXECUTORS — COMPENSATION — ASCERTAINMENT OF VALUE OF REAL ESTATE — CONSTRUCTION OF WILL.

Where the appraised value of a decedent's estate is disputed as not being the real value at the time of final settlement, the court is authorized to examine witnesses as to the real value, for the purpose of obtaining a basis upon which to fix the executor's compensation.

Under a will directing that "for the purpose of settling my estate my executors shall be deemed executors and, for the purpose of managing my estate . . . and of investing the income . . . and increasing the capital of my estate, they shall be deemed trustees and shall be entitled to just compensation for their services," the provision for compensation relates to the settlement as well as to the management of the estate, and, if not renounced by the executors, would govern in making allowance for their compensation rather than the statutory provisions on the subject of commissions to executors.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*Griffiths & Hutcheson*, for appellant.

*George D. Schofield*, for respondents.

The opinion of the court was delivered by

Scott, C. J.—This matter relates to the right of appellant as executor to recover fees upon the appraised value of the estate. The appraised value being disputed, the court took the testimony of witnesses as to its value at the time of settlement, and allowed the sum of $764.81 as a commission thereon, which was considerably less than the commission would have amounted to upon the appraised value. The appeal was taken before the case of *Horton v. Barto*, 17 Wash. 675 (50 Pac. 587), holding that the appraised value is not conclusive, was decided by this court. We are disposed to follow that decision in this matter, and the appraised value being disputed, it was proper for the court to determine the real value from the testimony of witnesses.

The question as to the right to recover upon the appraised value is conceded to be the principal question in the case, but the appellant further contends that the court erred in not allowing him a commission upon certain items. We find it unnecessary to consider this contention except in the light of a provision contained in the will, which provided for keeping the estate intact, in the main, during the lifetime of the wife, and which contained the further provision, viz.:

" I direct that for the purpose of settling my estate my executors shall be deemed executors and, for the purpose of managing my estate as aforesaid, and of investing the income not used for the said support and maintenance, and increasing the capital of my estate, they shall be deemed trustees and shall be entitled to just compensation for their services."

Before the settlement of this estate the wife died, leaving a will wherein appellant was also appointed as an executor, but no charge was made therein, as substantially the same property was concerned in both wills. It seems that certain other parties named as executors did not choose to serve, and appellant acted singly, the will providing therefor.

We are of the opinion that the provision relating to just compensation was intended to, and did, include the settlement as well as the management of the estate, and the court found that the sum allowed was also just compensation for such services, in addition to allowing it as the percentage provided by the statute upon the value of the estate as found by the court. This construction of the clause of the will would dispose of the first contention with reference to the right of the appellant to recover upon the appraised value also, as we do not find from the record that he renounced his right to the compensation provided by the will, and it would only be necessary to examine the proofs to determine whether a sufficient amount was allowed as just compensation. We have done that and are satisfied with the court's finding, and the judgment is affirmed.

ANDERS, DUNBAR and REAVIS, JJ., concur.