[No. 4549. Decided April 29, 1903.]

THOMAS J. CONSIDINE, *Respondent,* v. MARTIN J. GAL-
LAGHER, *Defendant,* UNITED STATES FIDELITY AND
GUARANTY COMPANY, *Appellant.*

PLEADING — ACTION ON GUARANTY BOND — ALLEGATION OF CONSIDER-
ATION.

A complaint on a guaranty bond is not demurrable for want of facts because it appears that the bond was executed a week later than the execution of the contract it guarantied, and there is no allegation of consideration for the guaranty, when the complaint sets out the bond in full, showing it to be an instrument under seal, which in itself imports a consideration.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*Ellsworth, Reed & McGrew* and *Gorham, Brown & Gorham,* for appellant.

*John E. Humphries* and *Harrison Bostwick,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—The respondent, Considine, entered into a contract with the defendant, Gallagher, by the terms of which the defendant undertook to furnish all of the necessary materials and construct for the respondent a dwelling house according to certain plans and specifications agreed upon between the parties for a fixed consideration. To secure the faithful performance of the work, the defendant entered into a bond, with the appellant as surety, in the sum of two thousand dollars, conditioned that he would carry out the contract. The defendant thereafter entered upon the prosecution of the work and partially completed the same, finally abandoning it before completion. The respondent thereupon, after notifying the surety to complete it, and after its refusal to do so, completed the building himself at a cost exceeding the original contract price by more than the amount of the bond. He brought this action upon the bond to recover for the loss to the amount of the penalty named in the bond.

A demurrer was interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and overruled by the trial court, which ruling constitutes the first error assigned. The complaint averred that the building contract was entered into on the 12th day of December, 1900, while the bond as set out

in the complaint bore date as of the 19th day of December, 1900. The contention is that the bond was executed so long subsequent to the original contract that it cannot be presumed to be a part of the same transaction, or supported by the original consideration, and for that reason it was necessary that it be alleged that the bond was made upon sufficient consideration, in order to state a cause of action upon it. The general rule in regard to guaranty is that, if the guaranty and contract guarantied are a part of the same transaction, the consideration for the latter supports the former; while if they are not one transaction, the bond must be supported by a consideration independent of the consideration for the original contract. But this rule does not aid the appellant here. It is a rule of pleading, and not a rule of evidence, that he is contending for. Hence, if the complaint in any form contains an allegation of consideration for the bond, or contains an allegation of fact from which consideration is implied, it is sufficient. Here the complaint, at least, does the latter. The bond is set out in full therein, even as to the manner of its execution, showing it to have been an instrument under seal; and the rule of the common law is—and it has not been changed in this state—that a contract under seal imports a consideration. In such a case want of consideration, if available at all, is a matter of defense. 6 Am. & Eng. Enc. Law (2d ed.), pp. 762, 763.

The other errors assigned are based upon the sufficiency of the evidence to support the findings of fact, but, as no exceptions to the findings were taken, they cannot be considered.

The judgment appealed from is affirmed.

DUNBAR, HADLEY, ANDERS and MOUNT, JJ., concur.