(No. 5092.   Decided May 4, 1905.)

GEORGE H. LEGHORN, *Respondent,* v. G. A. NYDELL, *Defendant,* and AETNA INDEMNITY COMPANY, *Appellant.*[1]

INDEMNITY—GUARANTEEING BUILDING CONTRACT—PLEADING—COMPLAINT—SUFFICIENCY—PERFORMANCE OF CONDITIONS PRECEDENT—LEGAL EFFECT OF CONTRACT. In an action upon an indemnity bond guaranteeing the performance of a building contract, a complaint is not subject to objection, made for the first time at the trial, for failure to plead compliance with conditions precedent, where the bond and contract are not set out but are pleaded according to their legal effect and no conditions precedent appear.

SAME—DISCHARGE OF SURETY—PAYMENT OF INSTALLMENT PRIOR TO ITS MATURITY. In an action upon an indemnity bond guaranteeing a building contract, the surety cannot complain of a payment made by the owner to the contractor prior to its falling due, when the same was deducted from the last payment due and benefited rather than prejudiced the surety.

CONTINUANCE—DENIAL—ABSENCE OF WITNESS. A continuance to secure the attendance of a witness is properly refused where two

[1] Reported in 80 Pac. 833.

2—39 WASH.

other continuances had been granted for the purpose, the witness could not be found by the sheriff, and his mental condition was such that it was doubtful if he would be competent to testify. `

INDEMNITY—RELEASE OF SURETY—DELAY OF CONTRACTOR—FAILURE OF OWNER TO TAKE CHARGE OF BUILDING. The owner of premises is under no obligation to take charge of and complete a building to lessen the demurrage charges on the contractor's default by delay, when the contractor was endeavoring in good faith to complete the building, and failure so to do does not release a surety on an indemnity bond.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 23, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon an indemnity bond. Affirmed.

*Root, Palmer & Brown,* for appellant.

*Jenner & Williams,* for respondent.

PER CURIAM.—On the 12th day of June, 1902, the defendant Nydell, as contractor, entered into a contract with the plaintiff, Leghorn, as owner, for the construction of a building, in the city of Seattle, for the contract price of $3,999. The contract provided that the building should be completed on or before October 1, 1902, and that the contractor should pay the owner $3 for each day's delay in the completion of the building after said 1st day of October, 1902, as liquidated damages. On the date of the execution of the contract, the defendant Nydell and the defendant Aetna Indemnity Company entered into a bond, conditioned for the faithful performance of the above mentioned contract by the defendant Nydell.

The complaint does not contain a copy of either the building contract or the bond, but alleges, generally, the execution of the building contract and bond, the failure of the defendant Nydell to perform the same, and that the plaintiff was compelled to, and did, pay $833.56 in excess of, and in addition to, the contract price, on vouchers approved by

the defendant Nydell, and that such payments were necessary to prevent the expense and litigation incident to the filing of lien claims against the building and premises; also, that the building was not completed until seventy-six days after October 1, 1902. The prayer of the complaint was for a judgment in the sum of $1,061.66, against Nydell, and for $1,000, the full amount of the bond, against the Indemnity Company. The plaintiff had judgment in accordance with the prayer of his complaint, and the Indemnity Company appeals.

The first objection urged by the appellant is that the court erred in admitting testimony under the complaint, because it does not state facts sufficient to constitute a cause of action. The particular objection is that the complaint does not allege a compliance with the conditions precedent, contained in the bond and contract, to be performed by the respondent. The difficulty with which the appellant is here confronted is this: the complaint pleads the contract and bond according to their legal effect, and no conditions precedent appear therein. The complaint was sufficient, in the absence of a demurrer or a motion to make more definite and certain, and the objection was properly overruled.

The next objection urged is that the respondent paid the contractor the sum of $300 at a time when the same was not due or payable under the terms of the contract. The facts in relation to this payment are these: The payments were due in installments under the contract, and were to be made on certificates of the architect. The first certificate was given July 10, 1902; the second, August 20, 1902; the third, September 5, 1902; and the fourth, November 11, 1902; and the payments were made on or about the same dates. On September 15, 1902, the respondent loaned or advanced to the contractor the sum of $150, and a like amount on September 25, 1902. These amounts were repaid or deducted from the last certificate of November 11, 1902. Whether this was a loan, as claimed by the respondent, or

an advancement under the contract, as claimed by the appellant, is wholly immaterial. The money was used by the contractor in the construction of the building, and the appellant was benefited rather than prejudiced by the irregular payments.

The next objection is that the court erred in denying a motion for a continuance in order to enable the appellant to obtain the testimony of the defendant Nydell. Two continuances had already been granted the appellant on account of its inability to procure the testimony of this witness. A bench warrant had issued for him at the trial, and the sheriff was unable to find him. The witness' mental condition appeared to be such as to raise grave doubts as to the propriety of placing him on the witness stand, if found. Under such circumstances, the court did not abuse its discretion in refusing the continuance.

The last objection urged is that the respondent should have taken charge of the building and completed it himself, thereby lessening the amount of damages claimed for demurrage. This contention might be well founded, if the contractor had wholly abandoned the contract. But so long as he was endeavoring to fulfill the contract and complete the building in good faith, the owner was under no obligation to interfere with him. The Indemnity Company reserved the right to terminate the contract and take charge of the building for the same reasons, but it saw fit to pursue the same course as the owner. If the respondent remained subject to all the burdens and restrictions which the appellant would impose upon him, he might well ask himself why he required an indemnity bond.

There is no error in the record, and the judgment is affirmed.