[No. 6993. Decided November 5, 1907.]

ELLEN MONRO et al., Appellants, v. NATIONAL SURETY
COMPANY, Respondent, A. ABRAHAMSON et al.,
Defendants.[1]

CONTRACTS — CONSIDERATION — EFFECT OF SEAL — BONDS. In an
action upon an indemnity bond under seal, a nonsuit cannot be sus-
tained for mere failure to prove a consideration, since the seal im-
ports a consideration notwithstanding Bal. Code, § 4523, abolishing
the use of private seals.

PRINCIPAL AND SURETY—DISCHARGE OF SURETY—PREMATURE PAY-
MENTS. Premature payments or advances, of a part of installments
falling due to a contractor, do not discharge a bonding company
which was surety on the building bond, where the contractor shortly
became entitled to the payments, which were then deducted from
the amounts due him, and the payments could not have operated to
the prejudice of the bonding company.

SAME—NOTICE OF DEFAULT—DELAY IN GIVING—EFFECT. Where a
building was to be completed September 15, and the first notice of
default to the surety company was given November 22, the delay in
giving notice releases the surety only as to claims for demurrage or
failure to complete the building on time, and not as to damages aris-
ing from lien claims.

SAME—TIME FOR BRINGING ACTION—LIMITATIONS. Where an in-
demnity bond required action to be brought within six months after
the time fixed in the contract for the completion of the work, which
was September 15, 1905, an action commenced March 12, 1906, is
within time.

Appeal from a judgment of the superior court for King
county, Frater, J., entered March 15, 1907, granting a non-
suit at the close of plaintiff's case, in an action on an indem-
nity bond. Reversed.

Revelle, Revelle & Revelle, for appellants.

Graves, Palmer & Murphy (C. H. Winders, of counsel), for
respondent.

[1]Reported in 92 Pac. 280.

RUDKIN, J.—This was an action on an indemnity bond, against the contractor and the bonding company, to recover damages for failure to perform a building contract. At the close of the plaintiffs' case a judgment of nonsuit was granted as to the bonding company, and the cause proceeded to verdict and judgment against the contractor. The present appeal is from the judgment of nonsuit.

The questions involved have been discussed by counsel under the following heads: (1) Was a consideration for the indemnity bond shown? (2) Was there a failure to perform the conditions of the building contract or bond on the part of the appellants? (3) Was the bonding company duly notified of the failure of the contractor to perform his contract? (4) Was such notice waived? and (5) The statute of limitations.

(1) The bond under consideration is in all respects similar to the bond in suit in *Considine v. Gallagher*, 31 Wash. 669, 72 Pac. 469. It was there held that the bond was an instrument under seal, and that the common law rule that a seal imports a consideration still obtains in this state, notwithstanding the statute abolishing the use of private seals. Bal. Code, §4523 (P. C., §4438). Counsel for respondent contend, however, that the question there arose on the pleadings, and that a different rule should apply here. True, the question arose on the pleadings in the *Considine* case, but the common rule that a seal imports a consideration is a positive rule of law, and not a mere rule of procedure. Thus, in *Storm v. United States*, 94 U. S. 76, 24 L. Ed. 42, the court said:

"Such a defence could not be sustained, even if the action was upon a simple contract; but the agreement here is under seal, and the action is an action of debt founded on the bond given to secure the performance of the agreement; and it is an elementary rule, that a bond or other specialty is presumed to have been made upon good consideration, so long as the instrument remains unimpeached. Taylor, Evid. (6th ed.) 103; *Lowe v. Peers*, 4 Burr. 2225; *Dorr v. Munsell*, 13 Johns. 431.

"Want of consideration is not a sufficient answer to an action on a sealed instrument. The seal imports a consideration, or renders proof of consideration unnecessary; because the instrument binds the parties by force of the natural presumption that an instrument executed with so much deliberation and solemnity is founded upon some sufficient cause. *Parker v. Parmele*, 20 Johns. 134; 1 Smith, Lead. Cas. (7th Am. ed.), 698;1 Chitty on Contr. (11th Am. ed.) 20; *Paige v. Parker*, 8 Gray 213; *Wing v. Chase*, 35 Me. 265; 2 Bl. Com. 446; *Fallowes v. Taylor*, 7 Term. 473.".

We are therefore of opinion that the nonsuit cannot be sustained for mere failure to prove a consideration for the indemnity bond.

(2) In support of the second proposition, it is contended, among other things, that the appellants paid over money to the contractor before it became due or payable under the terms of the contract. The contract price was payable in installments on certificates to be furnished by the architect in charge. One thousand dollars was payable when the foundation was completed, including the first floor; $1,000 when the framework was up and the shiplap on; $1,000 when the roof was on; $1,000 when the plastering was browned out; $1,500 when the stores were finished; $1,000 when the brick and outside work was finished, and the balance of $1,600 when the entire work was completed. The second installment of $1,000 was certified by the architect under date of August 12, but on the 27th day of July preceding, the appellants loaned the contractor $200 on his note, and two days later paid him an additional $150, which sums were deducted from the amount of the estimate when made, and the balance of $650 was paid when the certificate was presented. The fourth estimate of $1,000 was certified on September 15th, but on the 12th day of September preceding the contractor was paid $823.50, the amount being deducted from the estimate when made, and the balance of $176.50 was paid when the certificate was presented. What disposition was made of the sums thus advanced does not appear. The owner of the building was

under no obligation to see to the application of the installments paid under the contract, and we fail to see wherein the bonding company was prejudiced or injured in this regard. *Leghorn v. Nydell*, 39 Wash. 17, 80 Pac. 833. Had the contractor never become entitled to the sums thus advanced, a different question would be presented, but in no event could the premature payments constitute a defense beyond the amount of the advancements made, and not at all unless the payments operated to the prejudice of the bonding company. We are unable to discover any other default on the part of the property owner, unless it be in the matter of serving notice of the contractor's default, which we will discuss under the next head.

(3)  This court has repeatedly held that a failure to give notice in this class of cases is only a defense in so far as the surety has been damaged or prejudiced by such failure. *Heffernan v. United States Fidelity etc. Co.*, 37 Wash. 477, 79 Pac. 1095; *Trinity Parish v. Aetna Indemnity Co.*, 37 Wash. 515, 79 Pac. 1097; *Denny v. Spurr*, 38 Wash. 347, 80 Pac. 541. In the case at bar the contract was to be completed on or before September 15th, and the first notice of default was given November 22d. Failure to give notice at an earlier date would release the bonding company from any claim for demurrage or for failure to complete the building on time, but not for damages arising from lien claims for labor or material. Cases above cited.

(4)  In view of our conclusion that the bonding company was not released by failure to give notice we need not discuss the question of waiver.

(5)  The bond in suit provides that "No action, suit or proceedings shall be had or maintained against the company on this instrument unless same be brought or instituted and process served upon the company therein within six months after the date or time fixed in said contract for the completion of the work mentioned therein." As we have seen, work

was to be completed under the contract on or before September 15, 1905, and the present action was commenced on the 12th day of March, 1906, by the service of summons and complaint on the bonding company, as appears from the supplemental transcript. The action was therefore commenced within the time limited by the contract.

The nonsuit cannot be sustained on any of the grounds suggested, and the judgment is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

FULLERTON, MOUNT, and DUNBAR, JJ., concur.

HADLEY, C. J. and ROOT, J., took no part.