[No. 11026.    Department Two.    August 29, 1913.]

TITLE GUARANTY & SURETY COMPANY, OF SCRANTON, PENNSYLVANIA, *Respondent,* v. C. E. PACKARD *et al., Appellants,* PACKARD-SPINK COMPANY *et al., Defendants.*[1]

INDEMNITY—CONTRACTS—CONSIDERATION—VALIDITY. There is sufficient consideration for a second indemnity bond, furnished by contractors to a surety company guaranteeing the performance of a contract, where the contractors had agreed to indemnify the surety company, their first bond was not accepted, and upon request for further indemnity, the second bond was, some months later, delivered and accepted as a compliance with the original contract; since it is not necessary that the indemnity be executed simultaneously with the contract indemnified, if they were both part of the same transaction.

[1]Reported in 134 Pac. 812.

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 16, 1912, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on an indemnity bond. Affirmed.

*Shorett, McLaren & Shorett,* for appellants.

*James B. Murphy* (*Lucas C. Kells,* of counsel), for respondent.

FULLERTON, J.—On October 12, 1910, the Packard-Spink Company, a corporation, entered into a contract with the city of Seattle for the improvement of certain of the city's streets. The city required a bond conditioned for the faithful performance of the work. The Title Guaranty & Surety Company, of Scranton, Pennsylvania, furnished the required bond on the condition that the Packard-Spink Company would indemnify it against any loss which it might sustain by reason of the bond furnished to the city. Acting in pursuance of the agreement to indemnify, the Packard-Spink Company, together with C. E. Packard, D. W. Packard and F. E. Packard, executed a bond of indemnity, which was delivered to the agents of the guaranty company. When the bond reached the head office of the guaranty company, its officers were dissatisfied with the security, and requested the execution of a new bond. This dissatisfaction and request were made known to the Packard-Spink Company, whereupon it furnished a new bond of indemnity of the like tenor and effect of the first one, and bearing the same date, with the addition of Emma S. Packard as one of the principals therein. This indemnity agreement was executed some three months after the first agreement and after the work undertaken for the city had been about one-third completed. The Packard-Spink Company thereafter defaulted in its contract with the city, in that it did not pay for all of the materials purchased and used in the prosecution of the work; the amount of the default being $1,876.95. The guaranty company paid this

sum to the city for the use of the materialmen, and thereupon brought the present action against the Packard-Spink Company, D. W. Packard, and C. E. Packard, on the second indemnity agreement, to recover the sum so paid. D. W. Packard and C. E. Packard defended the action on the ground that the first agreement was a compliance with the contract to indemnify, and that the second agreement was consequently void for want of consideration. The trial court allowed a recovery, and this is an appeal from the judgment entered.

We think there was clearly a consideration for the second agreement. The first agreement was not accepted as a compliance with the original contract to indemnify, and the second was executed in fulfillment of such contract. It is not necessary to its validity that a written agreement to indemnify against liability under a contract be executed simultaneously with the contract indemnified. It is enough that it be executed in compliance with the agreement, whether at the time of the agreement or thereafter. "The general rule in regard to guaranty is that, if the guaranty and contract guaranteed are a part of the same transaction, the consideration for the latter supports the former; while if they are not one transaction the bond must be supported by a consideration independent of the consideration for the original contract." *Considine v. Gallagher*, 31 Wash. 669, 72 Pac. 96. The agreement is within the rule thus announced, and the court did not err in permitting a recovery.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and MORRIS, JJ., concur.