[No. 27120. Department Two. October 19, 1938.]

LENT'S, INC., *Respondent,* v. ROSA B. STRAWHUN *et al., Respondents,* J. S. KENYON *et al., Appellants.*

ROSA B. STRAWHUN, *Respondent,* v. JOHN TEGSTROM *et al., Defendants,* J. S. KENYON *et al., Appellants.*

JACK DRISCOLL *et al., Respondents,* v. ROSA B. STRAW-HUN *et al., Respondents,* J. S. KENYON *et al., Appellants.*[1]

[1]Reported in 83 P. (2d) 342.

458

F. W. *Moore,* for appellants.

Ray R. *Greenwood, James W. Bryan, Jr.,* and *J. W. Bryan,* for respondents.

GERAGHTY, J.—Three actions growing out of a contract for the erection of an apartment building in the city of Bremerton were consolidated below. One action was instituted by Rosa B. Strawhun, the owner, against the contractor, John Tegstrom, his wife, and the sureties on the contractor's bond, J. S. Kenyon and wife, for damages resulting from delay in completion of the building, as well as for the contractor's failure to pay for material and labor furnished to him, resulting in the filing of liens on the building. Separate actions were brought by Lent's, Inc., and Jack Driscoll to establish and foreclose liens for labor and material

used on the building. Albert C. Helard, claiming a lien for material and labor, intervened in the case of Lent's, Inc.

After trial to the court, judgment was entered against the contractor, his wife, and the sureties, in favor of plaintiff Rosa B. Strawhun, in the sum of $150, for failure to complete the building within the stipulated time; the lien of Jack Driscoll was established in the sum of $162.85; Albert C. Helard, intervener, was adjudged to have a lien in the sum of $88.50, and the lien of Lent's, Inc., was established in the sum of $482.97. Judgments were entered in favor of the lien claimants for these several sums, with attorneys' fees, against the contractor and sureties, and the liens directed to be foreclosed. The judgment provided that the remainder of the contract price in the hands of the plaintiff Strawhun, $630.78, be applied in liquidation of the lien claim and the plaintiff's judgment. She was also given judgment against the Tegstroms and the Kenyons for the amount of the liens upon her property adjudged to be valid.

The defendants J. S. Kenyon and wife, sureties on the contractor's bond, had supplied most of the material for the building, and were awarded judgment against the contractor for $1,901.41, for material furnished for use on the job and not paid for. The sureties, Kenyon and wife, appealed from the judgment against them in favor of plaintiff Strawhun and the lien claimants.

■■ The contract stipulated that the building was to be completed on or before October 8, 1936, and that, if not completed, the contractor should pay demurrage at the rate of ten dollars a day. The court found that the building was not ready for occupancy until October 23rd, and awarded the respondent Strawhun damages in the sum of $150.

The allowance of this demurrage is the first error assigned by the appellants. Their contention is that no notice was given to them by respondent Strawhun of the contractor's default in this respect until after she had entered into occupancy of the building, thereby waiving any right to claim damages. They also contend that the respondent waived any claim she might have had by making certain payments to the contractor after the date named in the contract for completion.

The appellant Kenyon was engaged in the business of selling building material, and furnished most of the material used by the contractor on the job. His son-in-law and manager, Snypp, introduced Tegstrom to the respondent on learning that she contemplated building. The evidence shows Snypp was in close touch with the work as it progressed. He testified that Mrs. Strawhun called him up several times in October, and told him she was not satisfied with the progress of the work. She testified to conferences with Mr. Snypp about the condition of the work, especially when unpaid claims for material and labor were coming in. The trial court, commenting on this phase of the case and Kenyon's relation to the work, said, in its memorandum opinion:

"Kenyon was Tegstrom's surety, but he was more than that; he was a moving spirit in the whole transaction, working for and securing a large share of the business involved in the job. He was thoroughly aware of all the conditions, was constantly making deliveries to the job, and it would be ridiculous to hold that he must be given a formal notice of what was happening before his very eyes."

The building was paid for largely with the proceeds of a mortgage given by the respondent Strawhun to a building and loan association. The association was the disbursing agent for the owner and issued checks to

the contractor in payment of labor and material, on vouchers submitted by him. All checks issued by the association were detailed in a bill of exceptions, from which it appears that the payments made subsequent to the 8th of October, the contract date for completion, were for labor and material, obligations which, if not paid, would increase the ultimate liability of the sureties.

Under the circumstances, the payments did not constitute a waiver of the stipulation in the contract as to the time of completion, neither did they prejudice the sureties.

█ At the opening of the trial, the appellants demurred orally to the amended complaint of respondent Strawhun on the ground that the action was prematurely brought, in that, at the commencement of the action, no liens had been filed upon the respondent's property, nor any money judgment obtained against her for any default of the contractor. The overruling of this demurrer is assigned as error.

At the time the amended complaint was served, liens had been filed and actions had been brought to enforce them, and the several cases were later consolidated for trial on the appellants' own motion, in which it was stated that the action should be consolidated, because

". . . the issues as formed are and will be the same . . . and the cases are so interwoven that it is practically impossible to determine the issues in one without determining the issues in all, . . ."

The demurrer was properly overruled.

The third assignment is that the court erred in overruling demurrers to the action brought by the lien claimants, on the ground that there is no privity of contract between them and the appellants. The only demurrer on this ground disclosed by the record, is one

directed to the claim of the intervener Helard. This demurrer was never brought on for hearing. The appellants' motion for consolidation was made and granted after filing of the demurrer. When consolidation was effected, the conflicting claims of all the parties were before the court for determination as in one action.

■ The contract provided for payment of the contract price, some seven thousand dollars, in three installments, one-third when the roof was on the building; one-third when the plastering and outside work were finished; and the balance ten days after acceptance of the building by the owner. The evidence discloses that, before the building was accepted, all the contract price had been paid, with the exception of $630.78. The appellants contend that the failure of respondent Strawhun to withhold payment of the last installment until after completion and acceptance of the building constituted a breach of the contract, which discharged the sureties.

Tegstrom's uncontradicted testimony was that all of the money paid to him was expended for material and labor going into the construction of the apartment house. Apart from this, as we have already seen, Kenyon and his manager were conversant with conditions on the job. The appellants themselves received one payment of five hundred dollars, on account of material, part of which, at least, was in excess of the amount payable under the contract. Having gone toward completion of the contract, the payments made did not operate to the prejudice of the sureties. *Trinity Parish v. Aetna Indemnity Co.*, 37 Wash. 515, 79 Pac. 1097; *Denny v. Spurr*, 38 Wash. 347, 80 Pac. 541; *Monro v. National Surety Co.*, 47 Wash. 488, 92 Pac. 280; *Manhattan Co. v. United States Fidelity & Guaranty Co.*, 77 Wash. 405, 137 Pac. 1003.

■ The appellants' fifth assignment is based on the allowance of attorneys' fees to the lien claimants, and is without merit. Rem. Rev. Stat., § 1141 [P. C. § 9717], authorizes the court to allow, as part of the costs of an action to foreclose mechanics' liens, reasonable attorneys' fees in the superior and supreme courts.

■ Objection is made to allowance of the lien claims of Driscoll and Helard. They were for labor and material. The statutory notice to the owner of the delivery of material was not given by the claimant. However, the court permitted them to introduce evidence showing the amount of the claims chargeable for labor, and held the liens valid to that extent. In this, we think the court acted correctly.

■ As we have seen, the court awarded the appellants a judgment against Tegstrom for material furnished on the apartment house job. The court did not, however, embody a provision in the judgment giving them a judgment against Tegstrom upon satisfying the awards made in the judgment in favor of respondent Strawhun and the lien claimants. A provision to this effect should have been embodied in the judgment.

The cause is remanded, with instructions to modify the judgment by including a provision to the effect that, upon payment by the appellants of the judgment in favor of the respondent Strawhun and the lien claimants, they have judgment over against Tegstrom for the amounts paid; otherwise the judgment is affirmed. The modification of the judgment shall not affect the assessment of costs in favor of the respondent.

STEINERT, C. J., BEALS, MILLARD, and SIMPSON, JJ., concur.