[No. 10124. Department Two. August 21, 1912.]

J. C. Parsons, *Respondent*, v. Pacific Surety Company, *Appellant*.[1]

Principal and Surety — Bonds — Building Contract — Conditions—Waiver. Stipulations in a surety bond guaranteeing a building contract that the owner should give immediate notice in writing to the president of the surety company at its principal office of any defaults by the contractor in the performance of the work, and that the owner should retain a certain percentage of the amounts due the contractor, are modified and waived, where, upon the contractor's inability to pay the materialmen out of estimates certified by the architect, it was agreed that the owners should pay all claims approved by the surety company, and this was done on the written approval of the company's resident attorney in fact, he having authority to represent the surety company.

Same—Waiver by Agent—Authority. It sufficiently appears that a resident attorney in fact for a surety company had authority to waive conditions in an indemnity bond, where he was its accredited representative in that city and executed the bond in the name of the company, and his general authority was not questioned

[1]Reported in 125 Pac. 954.

except by mere denials in the pleadings, no evidence being offered thereon by the defendant.

SAME—CONTRACTOR'S BOND—LIABILITY—DEMURRAGE CHARGES—CONDITIONS. Failure to promptly notify a surety company of defaults by a contractor in the performance of a building contract, as required by stipulations in the bond, relieves the surety company from liability for demurrage charges on failure to complete the building on time.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 5, 1911, upon findings in favor of the plaintiff, in an action upon a surety bond guaranteeing a building contract. Reversed.

*Cannon, Ferris & Swan*, for appellant.

*McCarthy & Edge* and *H. H. Cleland*, for respondent.

FULLERTON, J.—On July 25, 1910, the respondent, Parsons, and the defendant Washington Construction & Building Company entered into a contract by the terms of which the defendant agreed to erect a building for the respondent at the city of Spokane, according to plans and specifications agreed upon, for the contract price of $21,079. By the terms of the contract, the building was to be completed on or before November 15, 1910, under a penalty of $10 per day for each and every day its completion was delayed beyond that time. To secure the faithful performance of the contract, the contractor executed a bond to the respondent, with the appellant Pacific Surety Company as surety, in the sum of $10,600. The bond contained a number of stipulations in addition to those found in the contract the performance of which it was intended to secure, among which was a stipulation to the effect that the surety should be immediately notified of any breach of the contract by the contractor or of any act on his part or that of his agent or employees which might involve a loss for which the surety might be liable, immediately after the occurrence of such act shall come to the knowledge of the owner, which notification "must be given in writing to the president of said surety, at its principal

office in San Francisco, California." The bond also contained conditions to the effect that the owner would notify the surety before making the last payment on the contract; and the contract provided that a certain percentage of the amount of the installments due the contractor should be withheld until the final completion of the contract. The surety company, at the time of the execution of the bond, was represented by one H. W. Newton, its attorney in fact, who resided in the city of Spokane.

The contractor defaulted in the performance of his contract, leaving the building in an incompleted condition. The owner notified the surety of the default and demanded that the surety complete the building itself. On its refusal so to do, the owner partially completed the building himself, at a cost exceeding the contract price, and after a delay of a month beyond the time fixed in the contract for its completion. This action was brought to recover the excess cost paid for the construction of the building, alleged to be the sum of $422.60; the sum of $300 as demurrage for failure to complete the building by the time agreed upon in the contract; and for omissions in the plans made by the contractor in the sum of $114.50. The respondent recovered in the court below for the full amount claimed, and the surety company appealed.

The appellant contends, first, that it is not liable upon the bond in any sum, because of breaches of the conditions thereof by the respondent himself; and second, that, if the court adjudges it to be so liable, it is not liable in the sum found due by the trial judge. It bases its claim of nonliability on the fact that the respondent did not give notice in writing to the president of the surety company, at its principal office in San Francisco, California, of the defaults made by the contractor in the performance of the building contract; that he did not withhold, when making the installment payments on the contract, the percentage he was permitted to retain under the terms of the contract, and that he did not notify the

company before making the last payment to the contractor under the contract.

But we think there was a subsequent modification of the contract with respect to the matters here mentioned. It is gathered from the evidence that the contractor was unable to pay the materialmen who were furnishing materials for the construction of the building out of the estimates certified to him by the architect from time to time, and that they threatened to file liens upon the incompleted building unless they were paid; that, to meet these demands, it was agreed between the contractor and the respondent that the respondent would pay all such claims as should meet with the approval of the surety company; that the contractor thereupon made out written statements of the amount due the several materialmen, presented them to H. W. Newton,. who marked them approved over the name of the surety company signed by himself as its attorney in fact. The claims were thereupon presented to respondent who paid to the several materialmen the amounts stated therein to be due them. This form of making payments extended over a considerable period of time, and practically one third of the contract price of the structure was paid in this manner. It is plain, therefore, that if the attorney in fact approving the bills had authority to represent the surety company in this behalf, there was a waiver of the several conditions of the bond thought to have been violated by the respondent.

On this latter question, we think it is fairly shown by the record that the attorney in fact did have such authority. The evidence on which the conclusion rests is somewhat involved, and need not be reproduced here. It is sufficient to say that the agent was the accredited representative of the surety company for the city of Spokane; that he was its attorney in fact; that he executed in name of the company the bond which gave rise to the controversy; and that the surety company has not questioned his general authority other than by

mere denials in its pleadings; on the trial it contented itself with the case made by the respondent.

As to the amount of the recovery found by the court, we are content with the amount allowed as paid in excess of the contract price, and the amount found necessary to a completion of the building, but we think the court erred in making an award for demurrage. As we read the record, the respondent did not inform the agent at Spokane of the fact that the contractor did not complete the building within the time named in the contract until some days after he had actually breached the contract in that respect. This we held in *Monro v. National Surety Co.*, 47 Wash. 488, 92 Pac. 280, would relieve the surety company from liability on the demurrage clause in the contract, although not from its liability for other obligations not connected with this particular clause or affected thereby. *Heffernan v. United States Fidelity & Guaranty Co.*, 37 Wash. 477, 79 Pac. 1095; *Trinity Parish v. Aetna Indemnity Co.*, 37 Wash. 515, 79 Pac. 1097; *Denny v. Spurr etc.*, 38 Wash. 347, 80 Pac. 541.

We have not overlooked the fact that the appellant contends that an item of $232.45 was paid by the respondent without either the certificate of the supervising architect or the approval of the surety company's agent. But while it is true the claim was not indorsed or approved by the agent, we think it clear from the testimony that it had its approval in fact. The essential requirement was that it be approved, not that it be approved in any particular manner.

The judgment is reversed, and the cause remanded with instructions to enter a judgment in favor of the plaintiff below for the amount demanded in his complaint, less the sum of $300 sought to be recovered for delay in the completion of the building.

MOUNT, MORRIS, ELLIS, and PARKER, JJ., concur.