TITLE GUARANTY & SURETY CO. v. DUTCHER et al.

(District Court, W. D. Washington, S. D.   March 7, 1913.)

No. 1,861.

SUBROGATION (§ 8*)—SURETY—RIGHTS OF CREDITOR.

A surety on the bond of a contractor for public work, who assumed to complete the work after its abandonment by the contractor, was subrogated, so far as necessary to protect it from loss, to all the rights which the city might have enforced against the contractor if it had declared the contract forfeited and completed the work itself, and therefore had a prior right to the bonds of the city to be issued to the contractor in payment of the indebtedness as against assignees of the contractor to whom portions of his bond issue had been assigned to secure loans received by him, the proceeds of which were deposited to his general account and used indiscriminately in the furtherance of other work as well as that required by the particular contract.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 19; Dec. Dig. § 8.*]

In Equity. Suit by the Title Guaranty & Surety Company against William Dutcher and others. Decree for complainant.

James B. Murphy, of Seattle, Wash., for complainant.
Boner & Boner, of Aberdeen, Wash., for defendants.

CUSHMAN, District Judge. This cause is now for decision upon an agreed statement of facts. The suit was brought by complainant, the surety upon a contractor's bond, given the defendant, city of Aberdeen, to secure the performance of a contract for improving certain streets. Complainant's prayer is that the city be enjoined from recognizing certain assignments made by the defendant contractor, and that it be required to pay the complainant all amounts due upon the contract.

The contract provided:

"(3) In consideration of the full performance of said work by said contractor, the said city agrees to pay the said contractor in local improvement fund bonds issued on said local improvement district No. 322, at the following rates as measured and estimated by the said city engineer, to wit: * * * Payment to be made as the work progresses, upon estimates of said city engineer, no such bonds to be issued, however, until after the equalization of the assessment roll as provided by the ordinances of the city of Aberdeen.

"(4) The plans, specifications and details for said work on file in the office of the city engineer, and a part of the bid in said contract, is hereby referred to and made and part of this contract as fully as though set out herein in detail.

"(5) The said contractor is required to furnish a good and sufficient bond to the city of Aberdeen for the faithful performance of said contract and

for the protection of all contractors, subcontractors, laborers, mechanics and materialmen and all persons who shall supply such contractor or subcontractors with provisions or supplies for the carrying on of said work in a sum not less than thirty-one hundred dollars ($3,100) which sum is approximately fifty (50) per cent. of the amount of said contract.

"(6) Said contractor further agrees to save and protect the city free and harmless, from all loss, damage and liability caused by any neglect or want of proper care or act or omission done or suffered to be done by the said contractor, his agents, employés or subcontractors in the performance of said contract."

The complainant became surety for the contractor on a bond for $3,100, which bond provided:

"Now, therefore, if the above bounden principal, Wm. Dutcher, shall and does, well and truly, faithfully and fully comply with and carry out the terms and conditions of said contract, and shall complete the same in the time and manner specified, and shall pay all laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such contractor or subcontractors with provisions and supplies for the carrying on of the work contemplated in said contract, any and all just debts, dues and demands incurred in the performance of said work, and shall comply with all the requirements of the laws of the state of Washington with relation thereto, then this obligation to be void, otherwise to be and remain in full force and effect."

The contract and bond were executed in July, 1910.

Before the completion of the contract, the contractor abandoned the work, and failed to pay certain indebtedness incurred in connection therewith on account of labor and materials furnished in the work, and was thereafter adjudged bankrupt.

The contract price for the entire work was $6,251.66. At the time of the abandonment, May 6, 1911, there was work completed to the amount of $3,717.90. Nothing has been paid by the city to the contractor or otherwise. The contractor left unpaid labor and material bills which have been paid by the complainant to the amount of $2,-675.71. On March 1, 1911, the contractor borrowed $3,500. The defendant Sargent indorsed his note for this amount, which the indorser, was afterwards compelled to pay. At the time of such indorsement, the contractor agreed to assign to the indorser sufficient of the city's contract bonds to cover the obligation of the indorser. The assignment was not actually made until May 6, 1911. This assignment was for $4,000 of the bonds to become due on account of the improvement. It was recited therein that it was made to secure the indorser, and authorized the city clerk to turn over the bonds to him. In borrowing this money, the contractor represented that it was to be used upon this and other contracts which he then had with the city.

The contractor also borrowed from the defendant Flora M. Weatherwax $1,500, and assigned $1,600 of said bonds to her as security. This transaction was in all things similar to the first, except that the assignment was made at the time the money was borrowed.

After the abandonment of the contract, the city called upon the complainant to complete the contract. This it did at a cost of $2,850, and the city accepted the work, which, with the labor and material claims incurred by the contractor, amounting to $2,675.71, filed and made a lien upon the bond and paid by the complainant, makes a total

of $5,325.71 expended by the surety on account of the bond. Nothing has been realized on these claims from the contractor's bankrupt estate.

All the money borrowed by the contractor went into his general bank account with other of his money. During the time involved, he had four separate contracts with the city. No account was kept of the particular work upon which disbursements were made, and it is not shown how much, if any, of the money borrowed, or other money of his, was paid upon the contract in question. Complainant relies upon the following authorities: First Nat. Bank v. City Trust, etc., 114 Fed. 529, 52 C. C. A. 313; Prairie State Bank v. U. S., 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412; Henningsen v. U. S. F. & G. Co., 143 Fed. 812, 74 C. C. A. 484, affirmed 208 U. S. 404, 28 Sup. Ct. 389, 52 L. Ed. 547; Hardaway & Prowell v. Nat. Surety Co., 150 Fed. 465, 471, 80 C. C. A. 283, affirmed 211 U. S. 552, 29 Sup. Ct. 202, 53 L. Ed. 321. Defendants cite the following authorities: McAllister v. City of Tacoma, 9 Wash. 272, 275, 37 Pac. 447, 658; Ætna Ins. Co. v. Middleport, 124 U. S. 534, 8 Sup. Ct. 625, 31 L. Ed. 537; Greenville Sav. Bank v. Lawrence, 76 Fed. 545, 22 C. C. A. 646; dissenting opinion, First Nat. Bank v. City Trust, etc., 114 Fed. 529, at 534, 52 C. C. A. 313; Dowling v. City of Seattle, 22 Wash. 592, 61 Pac. 709; Hipwell v. National Surety Co., 130 Iowa, 656, 105 N. W. 319; Sheldon on Subrogation, § 240.

The question thus presented is whether the right of the contractor's surety, or that of the contractor's assignees to the bonds and funds held by the city on account of the contract, is superior. This point is concluded in this circuit in favor of complainant by First Nat. Bank v. City Trust, etc., 114 Fed. 529, 52 C. C. A. 313; Henningsen v. U. S. F. & G. Co., 143 Fed. 812, 74 C. C. A. 484; Id., 208 U. S. 404, 28 Sup. Ct. 389, 52 L. Ed. 547. The following cases are to the same effect: Prairie State Bank v. U. S., 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412; Hardaway & Prowell v. Nat. Surety Co., 150 Fed. 465, 471, on petition for rehearing at 473, 80 C. C. A. 283. The complainant will be allowed interest at the legal rate from the actual dates of the payments made by it for the completion of the contract, and for the unpaid labor and material claims which it satisfied. These dates are not disclosed in the statement of facts. If the bonds of the city are already issued and bearing interest, allowance will be made so as to only allow complainant interest at the legal rate upon its payments.

On account of the rights of creditors, other than the assignees, to the balance, if any, remaining after the satisfaction of complainant's claim, no order will be made concerning such balance.