[No. 10775. Department One. April 28, 1913.]

EILERS MUSIC HOUSE, *Respondent*, v. B. F. HOPKINS *et al.*,
*Appellants.*[1]

PRINCIPAL AND SURETY—NOTICE OF DEFAULT—WAIVER. Failure to
give notice of default, within the time required in a surety bond
guaranteeing a building contract, is waived, where no prejudice
from the delay appears, and, when notice was given to the general
agent who executed the bond, he instructed the obligee to complete
the work at the expense of the surety company.

SAME—CONDITIONS OF CONTRACT—LIMITATIONS—WAIVER. A surety
company cannot assert that suit on the bond was not commenced
within the time limited in the bond, where the action was delayed
at its request.

SAME—CONDITIONS OF CONTRACT—PAYMENTS—WAIVER. A surety
company cannot assert that it was injured by a payment to the con-
tractors after they had defaulted, where the sum was paid to the
receiver of the contractors at the request of the surety company.

INTEREST—ACCRUAL—COMMENCEMENT OF ACTION. Interest is re-
coverable, in an action on a surety bond, guaranteeing a building
contract, from the time the suit was filed.

Appeal from a judgment of the superior court for Spo-
kane county, Grady, J., entered April 25, 1912, upon find-
ings in favor of the plaintiff, after a trial on the merits be-
fore the court without a jury, in an action on contract. Af-
firmed.

*Cannon, Ferris & Swan*, for appellants.

*Belden & Losey*, for respondent.

MOUNT, J.—On June 27, 1910, the plaintiff and the de-
fendants Hopkins & Feight entered into a contract, by the
terms of which the said defendants agreed to make certain ex-
cavations and remove an old building for the purpose of
erecting a new building upon a certain lot in Spokane, ac-
cording to the plans and specifications agreed to, for the
price of $5,675. The work was to be completed on the 18th

[1]Reported in 131 Pac. 838.

day of August, 1910. To secure the faithful performance of this contract, the contractors executed a bond with the Pacific Surety Company as surety, in the sum of $10,000. The contractors defaulted in their work. Subsequently the surety company was notified thereof and instructed the plaintiff to complete the work at the expense of the surety company. The surety bond provided, "that the surety shall be immediately notified of any breach of said contract by said principal." It also provided that any suits brought against the surety to recover on said bond must be instituted within six months after the first breach, "and in no event shall any action be brought against the surety hereunder after the expiration of six months after the completion of the work under said contract." This action was brought to recover on the bond by reason of the breach of the contract. There was no appearance in the case on the part of Hopkins & Feight, contractors. The case proceeded to trial against the defendant Pacific Surety Company alone. The case was tried to the court without a jury. Findings of fact were made in favor of the plaintiff, and judgment was rendered against the defendant Pacific Surety Company in the sum of $1,-440.25, with interest from August 11, 1911, the date when the complaint was filed. The defendant Pacific Surety Company has appealed from that judgment.

It is apparently conceded that the agent of the surety company was notified on September 22, 1910, that the contractors had not completed the work. And on October 5, 1910, a formal notice was served upon the local agent of the surety company, advising the company that the contractors had defaulted and requiring the surety company to finish the work according to the contract. The surety company replied to this notice as follows: "We instruct you to complete at our expense. Pacific Surety Company, By H. W. Newton, Attorney in Fact." Newton was the general agent and attorney in fact representing the surety company in this state, and executed the bond in controversy as such agent. The

suit was not brought upon the bond until August, 1911. The court found:

"That the defendant, Pacific Surety Company, waived the terms and conditions of said bond with reference to the retention of the fifteen per cent of the contract price, provided for in said bond, and also with reference to the giving notice in case of default, and further, by its duly authorized, legal and constituted agent, waived all the other terms and conditions of said bond relative to notice, retention of money and time within which suit might be brought under said bond; that said waiver was communicated to the plaintiff and the plaintiff acted thereon; that the defendant, Pacific Surety Company, acted thereon; that the agent of the defendant, Pacific Surety Company, H. W. Newton, was at all times authorized to waive the different provisions of said contract, and did waive the same, and the said waiver by the said H. W. Newton, as agent for said Pacific Surety Company, was ratified, approved and acquiesced in by the defendant, Pacific Surety Company."

It is argued by the appellant that there is no evidence to justify this finding of the court, and that under the case of *Ilse v. Aetna Indemnity Co.*, 69 Wash. 484, 125 Pac. 780, the court should have dismissed the action because notice of default was not given within thirty days; and also because the action was not brought within six months after the completion of the work.

While it is conceded that formal notice of default of the contractors was not given within thirty days, as provided for in the bond, the evidence is clear to the effect that when formal notice was given to the surety company, the company made no objection on that account, but its general agent and the agent who issued the contract of indemnity notified the plaintiff to proceed to complete the work at the expense of the surety company. It is plain, we think, that this amounted to a waiver of that clause of the contract. In *Parsons v. Pacific Surety Co.*, 69 Wash. 595, 125 Pac. 954, and also in *Monro v. National Surety Co.*, 47 Wash. 488, 92 Pac. 280, we held, that failure to give this notice in this class of cases

is only a defense in so far as the surety has been damaged and prejudiced by such failure. There is no claim here that there was any prejudice on account of failure to give the notice. In *Ilse v. Aetna Indemnity Co.*, *supra*, where there was a provision in the contract like the one under consideration requiring suits to be instituted within six months after the completion of the work specified in the contract, where the suit was commenced more than three years after the completion of the work, we held that the court properly refused any relief. But we there said:

" 'The authorities generally agree that it is competent for the parties to an indemnity bond to fix a period of limitation different from that provided by statute, and we think the better rule is that the limitation, if reasonable—and there is no reasonable excuse for delay in the commencement of the action—is binding upon the parties . . . To determine whether the limitation upon the commencement of the action is reasonable, the bond, the contract, and the facts of the particular case must be considered together.' "

In this case, while the action was not brought within six months after the work was completed, there was evidence to the effect that the suit was delayed at the request of counsel for the surety company. The court heard this evidence and no doubt believed that state of facts. It follows, of course, that where there was a delay at the request of the surety company or its representatives, it cannot be heard to say that the action was not brought within time. In other words, the court properly found upon sufficient evidence that there was a waiver of both these provisions of the contract by the surety company.

Appellant argues that the court erroneously allowed $700, which was paid to the contractors after they had defaulted. The evidence shows that the contractors were insolvent and that a receiver had been appointed. This $700 was paid to the receiver by direction of Mr. Newton, agent for the Pacific Surety Company; the surety company cannot now complain that it was wrongfully paid.

Appellant also argues that the court erred in allowing interest on the amount found due to the plaintiff from the time the action was filed. Interest was properly allowed under the rule in *Gray v. Reeves*, 69 Wash. 374, 125 Pac. 162.

Finding no error, the judgment is affirmed.

CROW, C. J., GOSE, and PARKER, JJ., concur.