ILLINOIS SURETY COMPANY ET AL. *v.* HUBER ET AL., TRUSTEES.

[No. 8,471. Filed December 22, 1914.]

1. PRINCIPAL AND SURETY.—*Action Against Surety.—Complaint.—Sufficiency.*—A complaint to recover against a contractor and the surety on his bond, averring generally that plaintiffs performed all the conditions of the contract and bond on their part to be performed, is not rendered insufficient on the theory that specific averments as to the time of the default and the service of notice on the surety show that plaintiffs did not comply with a provision in the bond for written notice to the surety of any default which may involve a claim or loss, etc., within twenty-four hours after

learning of the occurrence of such default, where it is not apparent from such allegations that plaintiffs knew or should have known of the default prior to the day on which the surety was notified. pp. 410, 411.

2. PLEADING.—*Complaint.—Determination of Sufficiency.—Exhibits.* —Copies of a contract and bond sued on and made a part of the complaint, are to be considered in connection with all its material averments in determining its sufficiency to state a cause of action. p. 411.

3. PRINCIPAL AND SURETY.—*Liability of Surety.—Notice of Default.*—Where a bond provides for notice to the surety at a fixed time of the principal's default, a failure to give such notice will release the surety. p. 411.

4. PRINCIPAL AND SURETY.—*Action Against Surety.—Evidence.— Sufficiency.—Notice.*—In an action against a contractor and the surety on his bond, which contained a provision requiring plaintiffs to notify the surety in writing of any default which might involve a claim or loss, etc., within twenty-four hours after learning of same, a verdict against the surety was sufficiently sustained by evidence showing a default resulting in loss and that notice was given to the surety, even though such notice was not given within the stipulated time, where it further appeared that no additional burden was placed on the surety by reason of the delay in giving such notice. pp. 412, 413.

5. PRINCIPAL AND SURETY.—*Liability of Surety.—Notice of Default.*—While the surety on a bond has the right to insist that a covenant in the bond for notice of default shall be strictly carried out where failure to do so would result in loss to it, a technical variance between the notice given and that provided for will not release the surety, where that given is equally as effective in protecting the surety from loss. p. 413.

6. PRINCIPAL AND SURETY.—*Liability of Surety.—Excessive Damages.*—Where the surety on a contractor's bond was given an opportunity to complete the contract, but failed to do so, it can not complain of the cost of completing the contract, in the absence of a showing that such cost was excessive and that the provisions of the agreement with reference to the completion of the work in case of default had not been adhered to, to the injury of the surety. p. 413.

From Marion Circuit Court (18,010); *Charles Remster,* Judge.

Action by William D. Huber and others, as Trustees of the United Brotherhood of Carpenters and Joiners of America, against the Illinois Surety Company and another. From

a judgment for plaintiffs, the defendant named appeals. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellant.
*T. J. Moll* and *J. O. Carson,* for appellees.

IBACH, J.—On December 4, 1908, appellees entered into a contract with one Franklin in which he was to furnish all the materials and perform all the labor for the electric wire system in a building being erected by them, for the stipulated sum of $1,976. To insure the faithful performance of his contract, he, together with the Illinois Surety Company, gave his bond to appellees to indemnify them against loss in the event of a breach of such contract. The contractor Franklin failed fully to perform his contract, and appellees completed the part left undone by him. This action was then brought to recover damages for the contractor's default and for $300 liquidated damages provided for in the building contract. Defendant Franklin was defaulted. The cause was tried by the court and resulted in a judgment for appellees for $391.64. Appellant Illinois Surety Company alone appeals, and contends that the cause should be reversed because the trial court erred in overruling its separate demurrers to the complaint and in overruling its separate motion for a new trial.

It is first claimed that although plaintiffs have averred generally that they complied with all the conditions of the contract and bond on their part required to make the bond effective, yet by the specific averments of the complaint it is made to appear that they did not comply with a certain section of the bond which by its terms constituted a condition precedent to the liability of appellant and which provided that the surety shall be notified in writing of any act, omission or default on the part of the principal, etc., which may involve a claim or loss for which the said surety is or may be responsible thereunder, within twenty-four hours after the occurrence of such act, omission

or default shall have come to the knowledge of the owner or his, its or their agents. Copies of the contract

2. and bond are made parts of the complaint, and these must be considered in connection with all its material averments in construing its sufficiency to state a cause

1. of action. The specific averments of the complaint which it is claimed show a failure of the performance of such condition precedent are substantially as follows: Franklin began work under the contract but wholly failed and refused to complete it, he stopped work before it was half done, and practically abandoned it and refused and failed to proceed although requested to do so. That he did not finish the work before January 20, 1909, but defaulted for more than 15 days for which appellees are entitled to $300. That on January 27, 1909, the architects certified in writing to appellees that Franklin had failed in the performance of said work and had neglected and refused to complete the same and in their opinion such neglect and failure were sufficient grounds for terminating his employment and contract and finishing the work by appellees, and a written notice was served upon the contractor that unless he proceeded within three days thereafter to finish and complete this work, appellees would do so. On the same day, and within twenty-four hours from the time it was discovered and determined that Franklin would not preceed with said work, these appellees notified the Illinois Surety Company of such default, etc. It will be conceded that

3. where a bond provides for notice of the principal's default to be given the surety at a fixed time a failure to give such notice will release the surety, but this

1. notice which it is insisted here was not promptly served upon the surety is by the terms of the bond conditioned upon knowledge upon the part of the owner, his agents or representatives, of any default on the part of the contractor, and then within twenty-four hours after such knowledge on the part of appellees, they must notify appel-

lant. There is nothing appearing in the pleading from which it might properly be said that the owners or any of their representatives at any time prior to January 27, knew or should have known that the contractor had defaulted on his contract to such a degree as to be likely to involve any claim or loss for which the surety would be responsible. The bond itself provided for the conditions which made it necessary to furnish a notice of any kind to appellant, and as to such agreements we believe that the complaint avers full performance by appellees, and the pleading is not subject to the objection urged against it.

The only ground of the motion for new trial which is argued is that the judgment is not sustained by sufficient evidence, and is contrary to law. What has been 4. said concerning the sufficiency of the complaint will also apply to the sufficiency of the evidence. Without discussing the evidence at length, it is enough to say that there is evidence showing that the contract provided that the work to be done by the contractor Franklin was to be completed January 20, 1909, and for each day of default thereafter appellees were to recover as liquidated damages the sum of $20. The evidence discloses that both the architect and members of the building committee were about the building on the day the work was to be completed, but Franklin was not there, and the work he was to do had not been finished. This is some evidence that the contractor's default was known to the owner on that date. Therefore it must be held that on January 20, 1909, appellees had notice that the contractor had defaulted to such an extent that such default might involve a claim or loss to appellant surety, and yet no notice was served upon it until seven days later. This failure was a breach of the covenants contained in the agreement between the parties and the failure to serve the required notice within twenty-four hours after the default of the contractor became known to appellees would prevent a recovery if the default was of such char-

acter as that it might involve a claim or loss for which said surety was or might be liable.

The requirement of such a notice as is provided for here is for the protection and benefit of the surety and as we have said, it had the right to insist that the covenant 5. in the bond with respect to notice be strictly carried out, where failure to do so might result in a loss to it. The supreme court of Washington in considering a similar question used this language, "yet when the notice serves its purpose as well when given after the prescribed time as it does before—that is, when it is equally as effective in protecting the surety from loss—it is inequitable, and a manifest abuse of the purposes of this provision of the bond, to hold that the mere technical variance shall relieve the obligor entirely; the surety, being a compensated surety, can insist only on those forfeiture clauses of its contract the falure to comply with which probably inflicts upon it a loss." *Hefferman* v. *United States Fidelity, etc., Co.* (1905), 37 Wash. 477, 481.

There is no claim here for liquidated damages on account of the delay occasioned by the contractor subsequent to January 20, 1909, so that a failure by appellees to 4. give the required notice until January 27, could not in any manner affect appellant with reference to the contractor's default prior to January 20, and of 6. which it does not appear that appellee had notice until that date. And it fully appears that nothing beyond the actual cost of the completion of the work left undone by the contractor, was charged against appellant, so that it seems from all the facts in the case that the service of the notice on January 27, rather than January 20, accomplished the same purpose and no additional burden was added to appellant by reason of the delay in serving the default notice. The damages are not excessive. The amount allowed was fully warranted by the evidence. An opportunity was offered appellant surety company to complete the con-

tract, which was not exercised, and it will not now be heard to complain of the cost required to complete the same, unless it appears that the amount thereof charged against appellant is excessive, and that the provisions of the agreement with reference to the completion of the work in case of the contractor's default had not been adhered to and appellant sustained injury by reason thereof. 1 Sedgwick, Damages (8th ed.) §201, et seq.; Louisville, etc., R. Co. v. Falvey (1886), 104 Ind. 409, 3 N. E. 389, 4 N. E. 908. The evidence does not show such condition. Judgment affirmed.

NOTE. Reported in 107 N. E. 298. As to creditor's duty to a surety, see 115 Am. St. 85. See, also, under (1) 32 Cyc. 127; (2) 31 Cyc. 560; (3, 5) 32 Cyc. 176; (4) 32 Cyc. 176, 138.