## AMERICAN SURETY CO. OF NEW YORK v. BELLINGHAM NAT. BANK et al.

(Circuit Court of Appeals, Ninth Circuit. December 2, 1918.)

No. 3183.

1. MUNICIPAL CORPORATIONS ⬅️347(2)—CONSTRUCTION CONTRACTS—SURETY —PRIOR ASSIGNMENTS.

Under the settled law of Washington, a bank which has advanced money to a contractor, which was expended in paying for labor and materials used in making a city improvement, and has taken an assignment of city warrants therefor, has an equity superior to that of a surety on the contractor's bond.

2. COURTS ⬅️365—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

A rule established for years by the highest court of a state, affecting the rights of parties arising out of contracts for municipal improvements and sureties on statutory bonds given by the contractor, if fixed and definite, and uniform in application, should be followed by the federal courts.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by the American Surety Company of New York against the Bellingham National Bank, the City of Bellingham, and others. Decree for defendants, and complainant appeals. Affirmed.

Hastings & Stedman, of Seattle, Wash., Kellogg & Thompson, of Bellingham, Wash., and Livingston B. Stedman, of Seattle, Wash., for appellant.

Sather & Livesey and George Livesey, all of Bellingham, Wash., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellant brought a suit to enjoin the city of Bellingham, Wash., from paying to the Bellingham National Bank certain warrants of the city. The city had made two contracts with Moran Bros. for street improvements, one of date July 29, 1916, for the improvement of Maryland street, the other of date September 22, 1916, for the improvement of Iowa street. On both contracts the appellant became surety on the bonds of the contractors; the first bond being dated July 27, 1916, and the second September 20, 1916. The bank advanced to the contractors money to prosecute both contracts, and took assignments of warrants from them; one assignment on September 11, 1916, for advances on the Maryland street contract, and one on October 20, 1916, for advances on the Iowa street contract. At the time of the completion of the contracts no payment had been made by the city on either contract. The bank had advanced considerable sums on each contract, all of which were used in payment for labor, supplies, and material, in the improvements. Claims in considerable amounts for sums which had not been paid by the contractors were filed against the bonds; all the items thereof being valid claims against the bonds under the law of Washington. The contractors were insolvent. It was the contention of the appellant that its right of lien was superior to that of the bank, and the bank contended that, having paid various claims for labor, material, and supplies actually used in the construction of the improvements, its equity was superior to that of the appellant. The contract price of the improvements was not sufficient to pay all the sums so advanced by the bank and the claims presented against the bonds.

[1] The court below held that the equities were with the bank, distinguished the case from Prairie State Bank v. United States, 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412, on the ground that in the latter case the assignment of warrants was prohibited, and distinguished it from Title Guaranty & Surety Co. v. Dutcher (D. C.) 203 Fed. 167, on the ground that in that case no account was kept of the particular work on which the borrowed money was disbursed, and distinguished it from the decision of this court in First Nat. Bank v. City Trust, Safe Deposit & Surety Co., 114 Fed. 529, 52 C. C. A. 313, on

the ground that in that case no equities obtained in favor of the bank, evidently meaning that there was nothing to show that the money loaned by the bank to the contractor in that case was actually devoted to the payment of labor or material for which lienable claims would have arisen against the contractor's bond. Without entering into discussion of the points of difference between the present case and the decisions so cited, we are disposed to hold that the decision here appealed from should be sustained on the ground that in the state of Washington it is now, and has for many years been, the settled law that, where a contractor has assigned to a bank the sums to become due on a city contract as collateral for advances, payments due to the contractor in case of his default are to be applied first to repay such advances. It is sufficient to cite Northwestern Nat. Bank v. Guardian C. & G. Co., 93 Wash. 635, 161 Pac. 473, and Title G. & S. Co. v. First Nat. Bank, 94 Wash. 55, 162 Pac. 23. In the first of those cases the court said:

"We find no merit in the claim that the bonding company has a superior equity in this fund over that of the bank. It has no equity in the fund as against the bank, which paid its money on the strength of assignments of the fund at a time when the contractors had full right to collect and dispose of the fund as they saw fit. Moreover, it is an admitted fact in this case that the money advanced by the bank was actually used by the contractors in the performance of the contract, thus diminishing the bonding company's liability by just the amount advanced. The equities are obviously with the bank."

[2] Such a local rule, affecting rights of parties arising out of municipal contracts for street improvements and sureties on bonds filed in pursuance of statutory provisions, if fixed and definite and uniform in its application, should be followed by a federal court in a case where, as here, no question of general or commercial law or of rights under the federal Constitution or the laws of Congress is involved. In Columbia Digger Co. v. Sparks, 227 Fed. 780, 142 C. C. A. 304, we followed the decision of the Supreme Court of Washington in holding that sureties on a statutory bond of a contractor for a public improvement have the right to have the proceeds of the contract applied in payment for labor and material furnished under said contract in preference to the right of an assignee to receive the same as payee of a pre-existing debt. We said:

"That doctrine has become the settled rule in Washington, and the sureties on the contract in question had the right to rely upon it as the law of that state, and we may assume that they did so when they became sureties upon the contract. A federal court ought not to upset the rule thus established by the Supreme Court of a state for the guidance of its own citizens, unless that rule is against the very decided weight of authority"

—citing Detroit v. Osborne, 135 U. S. 492, 10 Sup. Ct. 1012, 34 L. Ed. 260, in which it was said:

"There should be, in all matters of a local nature, but one law within the state; and that law is not what this court might determine, but what the Supreme Court of the state has determined"

—and citing, also, Equitable Life Assur. Society v. Brown, 213 U. S. 25, 44, 29 Sup. Ct. 404, 410 (53 L. Ed. 682), in which it was said:

"The decisions of the highest court of New York are therefore binding upon this court as to the meaning and effect of the charter of the defendant, and as it is a New York company and the contract is a New York contract, executed and to be carried out therein, its meaning and construction, as held by the highest court of the state, will be of most persuasive influence, even if not of binding force."

See, also, Claiborne County v. Brooks, 111 U. S. 400, 410, 4 Sup. Ct. 489, 28 L. Ed. 470; Snare v. Friedman, 169 Fed. 11, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367; Keystone Wood Co. v. Susquehanna Boom Co., 240 Fed. 296, 153 C. C. A. 222.

The judgment against the appellant for $133.25 on the claim of Morse Hardware Company, having been entered inadvertently, as it is admitted, the decree below should be modified accordingly. As so modified, the decree is affirmed.