of plaintiffs entered upon a verdict. The action was brought to recover money had and received by the defendant from the plaintiffs, for which money the complaint alleged the defendant agreed to deliver to the plaintiffs certain goods consisting of certain specific kippered sardines; that the defendant failed to deliver said sardines, but did deliver certain other sardines, but not the sardines which the defendant had agreed to deliver, and for which said money was paid.

*Alfred H. Strickland* for appellant.

*Gustav Lange, Jr.,* for responde .ts.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE ANDES CO-OPERATIVE DAIRY COMPANY, Appellant, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.

*Contract — guaranty — action to recover on surety bond — defense of failure to comply with terms thereof.*

*Andes Co-operative Dairy Co.* v. *Commercial Casualty Ins. Co.,* 207 App. Div. 102, affirmed.

(Argued February 21, 1924; decided April 1, 1924.)

APPEAL from a judgment, entered November 30, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint. The action was brought to recover the amount of a guaranty given by defendant to plaintiff to secure to the latter payment for milk products sold by plaintiff to the Kremo-Lac Company. The products so sold during August, 1922, amounted to $5,960.11, which amount is unpaid. The defense was that no written contract within the terms of the guaranty was annexed thereto as required by said guaranty or bond but that the plaintiff and the Kremo-Lac Company continued to do business under an oral agreement and that the defendant insurance

company did not guarantee any oral contract; that the provision of the guaranty requiring plaintiff to give notice of default on the part of the Kremo-Lac Company within ten days after such default was not performed by plaintiff in that notice of default in the payment for products sold to the Kremo-Lac Company during the first half of August was not given until twelve days after default and that there was a delay of fourteen days in the notice of default as to the payment for the products sold the last half of August.

*Barna Johnson* for appellant.

*Arthur F. Curtis* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

IDA GARDNER, Respondent, *v.* JAY GARDNER, Appellant.

*Husband and wife — separation — cruel and inhuman treatment — residence of plaintiff.*

*Gardner* v. *Gardner*, 206 App. Div. 789, affirmed.

(Argued February 25, 1924; decided April 1, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1923, affirming a judgment in favor of plaintiff entered upon the report of a referee. The action, wife against husband, was to obtain a separation on the ground of alleged cruel and inhuman treatment. Defendant contended that plaintiff had not resided within this state for one year as required by section 1162 of the Civil Practice Act as a condition to the maintenance of such an action.

*Frank S. Coburn* for appellant.

*Benjamin C. Mead* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN JJ. Absent: HISCOCK, Ch. J.