## COMMUNITY BLDG. CO. v. MARYLAND CASUALTY CO.

(Circuit Court of Appeals, Ninth Circuit. November 9, 1925. Rehearing Denied January 4, 1926.)

No. 4592.

**1. Removal of causes ⟨⟩46—Defendants summoned may exercise right of removal.**

Defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and such defendants as have been summoned must of necessity be allowed to exercise their right of removal.

**2. Courts ⟨⟩372(1)—Federal court, in dealing with question of commercial law, is not controlled by state decisions, but is required to exercise its independent judgment.**

Federal court, in dealing with question of commercial law, is not controlled by state decisions, but is required to exercise its independent judgment.

**3. Courts ⟨⟩365—Decisions of court of last resort of state in which federal court is held should be followed, where question seems to be balanced with doubt.**

The decisions of the court of last resort of the state in which a federal court is held are persuasive, and should be followed in all cases, where the question seems to be balanced with doubt.

**4. Courts ⟨⟩372(4)—State rule determining rights of parties to contract of suretyship followed.**

Federal court should follow rule established by highest court of state in determining rights of parties to contract of suretyship.

**5. Principal and surety ⟨⟩123(3)—That owner, giving notice to surety of contractor's default, did not give notice of prior default, which he waived held not to bar owner from recovering damages sustained in completing building.**

Where contractor's bond stipulated that notice should be given the surety within 10 days after obligee learns of default, failure of owner to notify surety of delay, which failure waived the per diem liquidated damages, did not preclude owner from recovering from surety for default by subsequent abandonment of work, of which default notice was duly given.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Action by the Community Building Company against the Maryland Casualty Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions to enter judgment for plaintiff.

A building contractor entered into a contract with the plaintiff in error to construct a dormitory. The defendant in error was the surety on the contractor's bond. The contract, dated May 16, 1922, provided for the completion of the building by November 1, 1922, and provided that certain sleeping rooms should be ready for occupancy by September 15, 1922, and that, if not so ready, the contractor should forfeit $100 for each day thereafter until completed, the said sum to be liquidated damages. On October 27, 1922, and before the completion of the sleeping rooms for occupancy, the contractor abandoned the contract and notified the plaintiff in error. The latter immediately notified the defendant in error of the abandonment. The contract price was $155,785. The contractor had received thereof $124,628. The defendant in error refused to take over the work, and the plaintiff in error completed it at an expense of $33,442.40. For that sum it brought in a state court its action against the contractor and the casualty company. On the petition of the casualty company the cause was removed to the court below on the ground of diversity of citizenship. A jury trial was waived, and the trial court, while holding that the plaintiff had been damaged in the full amount sued for, denied its right of recovery, on the ground that it had failed to give the casualty company on September 15, 1922, or within 10 days thereafter, notice of the fact that the sleeping rooms were not ready for occupancy on that date.

Neill & Sanger, of Pullman, Wash., and Post & Russell, of Spokane, Wash., for plaintiff in error.

James A. Williams and E. A. Cornelius, both of Spokane, Wash., and George F. Cushwa, of Baltimore, Md., for defendant in error.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the denial of the motion of the plaintiff in error to remand the case to the state court. The ground of the motion was that the contractor, who was a citizen of the state of California, and who had not appeared or been served with summons, did not join in the petition for removal. He was a necessary party defendant under the terms of the bond. While there are some early decisions and expressions in the text-books to the effect that all the defendants, whether or not they have been served and brought within the jurisdiction of the court, must join in the petition for removal, the weight of authority, and we think the better reason-

ing, sustains the rule that defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal. 11 Ann. Cas. 963; 23 R. C. L. 732; Tremper v. Schwabacher (C. C.) 84 F. 413; Bowles v. H. J. Heinz Co. (C. C.) 188 F. 937; Hunt v. Pearce (D. C.) 271 F. 498, affirmed on appeal Hunt v. Pearce (C. C. A.) 284 F. 321.

It was expressly stipulated in the bond, as a condition precedent to any right of recovery thereon, that, in the event of any default on the part of the principal, notice should be given the surety within 10 days after the obligee should learn of such default, and the right was reserved to the surety within 30 days thereafter to procure others to proceed with the performance of the contract. The court below, while holding in substance that ordinarily the obligee of such a bond owes no duty of active diligence to take care of the interest of the surety, and that his failure to give notice to the latter of a contractor's default will not have the effect of discharging the surety, held that it is otherwise in cases where, as here, the owner has in the contract of suretyship expressly agreed to give such notice, citing National Surety Co. v. Long, 125 F. 887, 60 C. C. A. 623, and United States Fidelity & Guaranty Co. v. Rice, 148 F. 206, 78 C. C. A. 164.

The plaintiff in error contends that under the contract here involved the failure to give notice of the contractor's default in complying with his agreement to have the sleeping rooms ready for occupancy by September 15, 1922, could have no greater effect than to relieve the surety from liability for the stipulated per diem liquidated damages, and that the trial court should have followed the rule established by the decisions of the Supreme Court of the state of Washington in Lazelle v. Empire State Surety Co., 58 Wash. 589, 109 P. 195, Trinity Parish v. Ætna Indemnity Co., 37 Wash. 515, 79 P. 1097, Monro v. National Surety Co., 47 Wash. 488, 92 P. 280, Parsons v. Pacific Surety Co., 69 Wash. 595, 125 P. 954, and Eilers Music Co. v. Hopkins, 73 Wash. 281, 131 P. 838, which cases hold that the failure to give notice of such a default is a defense to a claim for damages for delay or demurrage only, and constitutes no defense to an action for breach of other covenants of the building contract. The rule so adopted by the Supreme Court of the state of Wash-

ington prevails in Minnesota, Lakeside Land Co. v. Empire Surety Co., 105 Minn. 213, 117 N. W. 431; Fitger Brewing Co. v. American Bonding Co., 115 Minn. 78, 131 N. W. 1067; in Missouri, Lackland v. Renshaw, 256 Mo. 133, 165 S. W. 314; in Kansas, School Dist. No. 1 v. Massachusetts Bonding & Ins. Co., 92 Kan. 53, 142 P. 1077, Ann. Cas. 1916B, 238; Hull v. Bonding Co., 86 Kan. 342, 120 P. 544; in Indiana, Illinois Surety Co. v. Huber, 57 Ind. App. 408, 107 N. E. 298; in Georgia, Ætna Indemnity Co. v. Town of Comer, 136 Ga. 24, 70 S. E. 676; and in Oklahoma, American Surety Co. v. Scott & Co., 18 Okl. 264, 90 P. 7. In probably an equal number of states the rule of strict construction, as expressed in National Surety Co. v. Long, supra, is adhered to.

In brief, there are two lines of decisions in cases of this kind, one holding that the parties have the right by contract to make such conditions precedent as they may agree upon, and such agreements are enforceable strictly according to the letter thereof; others holding that an insurer for hire is not a favorite of the law, and is not entitled to a literal interpretation of the contract, if it works a practical injustice and that if it appears that the surety has not been injured by lack of notice, it is not thereby absolved from all obligation under the contract. While we are referred to no decision of the Supreme Court of the United States on the question we find that some color is lent to the liberal rule by what is said in Guaranty Co. v. Pressed Brick Co., 191 U. S. 416, 426, 24 S. Ct. 142, 144 (48 L. Ed. 242): "The rule of strictissimi juris is a stringent one, and is liable at times to work a practical injustice. It is one which ought not to be extended to contracts not within the reason of the rule, particularly when the bond is underwritten by a corporation, which has undertaken for a profit to insure the obligee against a failure of performance on the part of the principal obligor."

So in Mauran v. Bullus, 16 Pet. 528, 10 L. Ed. 1056, it was held that "generally all instruments of suretyship are construed strictly, as mere matters of legal right; but the rule is otherwise where they are founded on a valuable consideration." We find, also, that the trend of modern decision, both state and federal, is that in construing guaranties the rule of strictissimi juris, applicable to undertakings by individuals as a personal favor and without remuneration, does not apply to surety companies executing bonds for a stipulated compensation and as a

strictly business transaction. Atlantic Trust & Deposit Co. v. Laurinburg, 163 F. 691, 90 C. C. A. 274, U. S. Fidelity & Guaranty Co. v. United States, 178 F. 692, 102 C. C. A. 192; City of Topeka v. Federal Union Surety Co., 213 F. 958, 130 C. C. A. 364; American Bonding Co. v. United States, 233 F. 364, 147 C. C. A. 300; United States v. George F. Pawling Co. (C. C. A.) 297 F. 65.

[2, 3] We are not unmindful of the rule that in dealing with a question of commercial law, such as that which is here presented, a federal court is not controlled by state decisions, but is required to exercise its independent judgment. But the decisions of the court of last resort of the state in which the federal court is held are persuasive, and should be followed in all cases where the question seems to be "balanced with doubt." Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359. Following that rule, this court has deferred to decisions of the state courts, even in cases where those decisions were not expressive of public policy or declaratory of a rule of property. Columbia Digger Co. v. Sparks, 227 F. 780, 142 C. C. A. 304; American Surety Co. v. Bellingham Nat. Bank, 254 F. 54, 165 C. C. A. 464.

In Lubriko Co. v. Wyman, 290 F. 12, 17, the Circuit Court of Appeals for the Third Circuit said: "While the contract in suit was signed in Canada, it was made with a corporation whose principal place of business is in Pennsylvania. Its performance involves the sales management of that corporation. Suit was brought in the District Court of the United States for the Eastern District of Pennsylvania. What law should the District Court have followed in allowing recovery—the law of Pennsylvania, or federal law? Broadly speaking, the rule is that when the decision in a federal court involves no federal question, the case being there solely by reason of diversity of citizenship, and when the law invoked, whether common law or statutory law, is of local character, and has become established as a part of the law of the state, a federal court will follow the decisions of the state court of last resort when decisions of that court exist." So in Sturtevant Co. v. Fidelity & Deposit Co., 285 F. 367, the Circuit Court of Appeals for the Second Circuit, in dealing with a bond given by a school contractor, said: "Although the question is one of general law, * * * yet, under well-settled principles, this court should, if possible, be in harmony with the New York courts in respect of a question of this character."

[4, 5] From the foregoing considerations we reach the conclusion that, in determining the rights of litigants arising out of a contract of suretyship such as this, made and to be performed in the state of Washington, a federal court should follow the rule established by the highest court of that state. In a similar case (Equitable Surety Co. v. Board of Com'rs, 256 F. 773, 168 C. C. A. 119) it was said: "The requirement of the exertion of all reasonable diligence and activity was for the benefit of the defendant in error, which it had the election to insist upon or wave. If the defendant in error failed to treat a less amount of diligence on the part of the contractors as a default, it thereby waived the default arising therefrom, and was not required to give the plaintiff in error notice of what was not in that event a default, within the meaning of the contract. The record shows that the defendant in error first claimed a default only when the contractors gave notice that they would no longer proceed with the contract, and of this default the required notice is conceded to have been given."

The judgment is reversed, and the cause is remanded, with instructions to enter judgment for the plaintiff in error in accordance with the finding of that court as to the damages recoverable.