UNITED STATES PLYWOOD CORPORA-
TION, a corporation, Appellant,

v.

CONTINENTAL CASUALTY COMPANY,
a corporation, Appellee.

No. 2434.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 28, 1959.

Decided Jan. 12, 1960.

---

Philip Shinberg, Washington, D. C., for appellant.

Walter M. King, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

In October of 1956, Cannon Construction Corporation and Eugene Simpson & Brother, general contractors, entered into contracts with the school board of Fairfax County, Virginia, for the construction of additions to two of its schools. Continental Casualty Company, the defendant, was the surety on the labor and material payment bonds executed by both of the contractors. The present suit was brought by plaintiff against the surety to recover the unpaid sum of $2,304 for building materials sold and delivered to Collins Millwork Company for use in the performance of its subcontract with Simpson and Cannon the general contractors on the two projects.

Judgment was entered in favor of the defendant surety and the only question raised in this appeal concerns a provision common to both bonds which reads in part:

"3. No suit or action shall be commenced hereunder by any claimant,

"(a) Unless claimant shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant * * * furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished * * *."

Plaintiff concedes that notice was not given until 32 days after the expiration of the 90-day period, but contends that the trial court erred in ruling that these provisions were "conditions precedent with which plaintiff was required to comply."

These claims arise out of contracts executed and performed in Virginia. Under the laws of that state, a contractor is required to enter into a bond with a surety on public works contracts in excess of $2500. Code of Virginia 1950, § 11–23 (1956 Replacement Volume).[1] Of this statute the Supreme Court of Appeals of Virginia has said:

"* * * the intent of the statute is to protect those who furnish supplies, material and labor in and about the construction of the public buildings and improvements mentioned in the act, whether they be furnished to the principal contractor or to a subcontractor; of this a general contractor and his surety must take cognizance. * * *"[2]

The court in that case further added that § 11–23 is remedial in character and should be liberally construed in favor of the materialmen and subcontractors for whose protection it was enacted.

The previous statement essentially reflects the argument advanced here by the plaintiff. It contends that inasmuch as the bond was executed for its benefit, an inequity would result if the surety were

---

1. Acts 1958, Ch. 86 amended this section.

2. Thomas Somerville Company v. Broyhill, 200 Va. 358, 105 S.E.2d 824, 828.

permitted to escape liability on a technicality. Plaintiff's position is not without some support. The courts of several states have held that the failure to give notice or a delay in giving notice will discharge the surety only to the extent of the losses it may have incurred by reason of the creditor's action; it will not operate as a total discharge of the surety.[3] In so ruling, these courts have chosen to construe the notice provision of a suretyship contract as a promise not going to the essence of the contract rather than as a condition precedent to a right of action. This conclusion is reached by the application of a rule of construction and frequently it is erroneously employed for no other reason than to prevent one in the business of insuring risks from avoiding liability. The rule that the obligation is to be construed against the surety and in favor of the beneficiaries of the bond is one of construction only. In the absence of ambiguity it should not be invoked to circumvent the plain language and intent of the contracting parties.[4]

■■ A suretyship contract is basically a promise by the surety to the owner of the building that the debts of the contractor will be paid. The extent of the surety's undertaking is measured by the terms of the bond and the statute requiring its execution.[5] The creditor is not a party to the contract, but he is a donee of the promise and by the agreement and the statute he acquires a direct right of action against the surety. Since the foundation of any rights of the donee or creditor is the promisor's contract, it follows that his rights are restricted by the terms of the promise and any conditions, express or implied, affecting them.[6] A stipulation for notice of default is a condition of liability which may always be imposed.[7] The weight of authority holds that where the notice provision is reasonable and is stated as a condition precedent to the right of instituting legal action, failure to observe it will discharge the surety.[8] This proposition has the approval of at least two noted authors on the subject.[9]

The bond in the present case is of a standard type in use. Section 3(a) of the bond, quoted in full earlier, which provides that no action may be brought by a claimant until notice is given is prefaced by the following:

"Now, Therefore, The Condition Of The Obligation is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions * * *."

■ It is manifest from the instrument itself that the notice of default is a

3. See Illinois Surety Co. v. Huber, 57 Ind. App. 408, 107 N.E. 298; Board of County Com'rs of Republic County v. Guaranty Co., 96 Kan. 255, 150 P. 590; National Surety Co. v. Haley, 58 Okl. 263, 159 P. 292; Lyman v. Title Guaranty & Surety Co., 48 Utah 230, 158 P. 423.

4. 43 Am.Jur., Public Works and Contracts § 148.

5. Thomas Somerville Company v. Broyhill, supra note 2.

6. 2 Williston on Contracts, § 364A (Revised ed. 1936).

7. Stearns, The Law of Suretyship § 5.7 (5th ed. 1951).

8. See Knight & Jillson Co. v. Castle, 172 Ind. 97, 87 N.E. 976, 27 L.R.A.,N.S., 573; Levy to Use of Walbrook Mill & Lumber Co. v. Glens Falls Indemnity Company, 210 Md. 265, 123 A.2d 348; Andes Co-op Dairy Co. v. Commercial Cas. Ins. Co., 207 App.Div. 102, 201 N.Y.S. 664, affirmed 237 N.Y. 622, 143 N.E. 767; Restatement, Security § 136 (1941).

9. Stearns, supra note 7, § 6.1; 4 Williston supra note 6, § 1237.

condition precedent to a right of action. There is no ambiguity in the language of the contract and accordingly the application of rules of construction to achieve a different result would be improper. Courts are not at liberty to ignore the plain language and intent of the contracting parties. To do so would require them to impose liabilities the parties have not contracted for, or have specifically contracted against. As stated previously, for its protection, the surety is free to impose conditions on its liability so long as they are reasonable. The giving of notice does not work a hardship on the creditor and under the terms of the contract before us ample opportunity to furnish notice of default is afforded him. By statute and contract, the creditor is the beneficiary of a right of action against the surety. This is security he would not ordinarily have and although the right to institute suit is conditioned, it should be remembered that performance of the condition can be accomplished by the beneficiary himself. We therefore agree with the trial judge that the surety had the right to stand upon the terms of the agreement and to exact compliance with them.

We have been unable to find any Virginia cases in point and none has been referred to us. Frequently, however, the obligation of a surety is likened to that of an insurer and the rules governing the construction of insurance contracts are applicable in surety bond cases.[10] If this analogy has merit, we think our decision conforms to Virginia law. In Temple v. Virginia Auto Mut. Ins. Co., 181 Va. 561, 25 S.E.2d 268, 274, the highest court of that state said: "It is well settled that notice of an accident and information of any demands made upon, or actions brought against, an assured are reasonable provi-

sions to be inserted in a liability insurance policy. Performance of these provisions is usually regarded as a condition precedent to the right to recover on the policy."[11]

Affirmed.

10. Andes Co-op Dairy Co. v. Commercial Cas. Ins. Co., supra note 8; 43 Am.Jur., Public Works and Contracts, § 148.

11. See also Mason and Dixon Lines, Inc. v. United States Casualty Co., 199 Va. 221, 98 S.E.2d 702; State Farm Mutual Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16.