■ MARILYN M. CLURMAN, Appellant, v EDGAR M. BRONFMAN, Respondent. [666 NYS2d 595] —Order, Supreme Court, New

York County (Herman Cahn, J.), entered May 21, 1997, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The court properly concluded that the failure to notify defendant guarantor, for more than a decade, of the obligor's default in payment of the insurance premiums operated to discharge the guarantor of his obligations with respect thereto (*Andes Co-op. Dairy Co. v Commercial Cas. Ins. Co.*, 207 App Div 102, *affd* 237 NY 622). The notice provision herein is distinguishable from that at issue in *Phoenix Acquisition Corp. v Campcore, Inc.* (81 NY2d 138) and was properly construed as a condition precedent by the court. In *Phoenix*, while the guaranty provided that the creditor, there a bank, would notify the guarantor of default in payment of any installment of principal or interest, it also provided that " '[i]f any default shall be made in the payment of the above indebtedness, the [guarantor] hereby agrees to pay the same to the extent above provided [ ] without requiring protest or notice of nonpayment to the [guarantor]' " (81 NY2d, *supra*, at 141). No such language appears in the guaranty herein. Furthermore, with respect to the payment of the insurance premiums, the nature of what is guaranteed, and the provision providing for a 5-day period in which the guarantor must pay the premium due, demonstrate that notice to the guarantor was intended as a precondition to the guarantor's liability.

The obligation to pay the May 1996 "alimony" installment terminated, pursuant to the unambiguous terms of the parties' agreement, with the death of plaintiff's ex-husband on May 15, 1996, five days prior to when it became due and owing.

We have reviewed plaintiff's other arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin and Mazzarelli, JJ.